# Pottsville Union Traction Company, Appellant, *v.* St. Clair Borough.

*Equity—Jurisdiction — Municipalities — Street railways — Obstruction of tracks—Preliminary injunction—Absence of immediate danger—Dissolution of injunction — Appeal — Practice, Supreme Court.*

1. An order dissolving a preliminary injunction was not improperly entered where the evidence did not disclose any immediate or impending damage to the plaintiff, but rather an apprehension of danger.

2. A court of equity has jurisdiction to enjoin a municipality from placing obstructions across the tracks and roadbeds of a street railway company and from otherwise interfering with the operation of the company's cars in the municipality.

Bellevue Borough v. Ohio Valley Water Company, 245 Pa. 114, distinguished.

Argued March 12, 1918. Appeal, No. 293, Jan. T., 1917, by plaintiff, from decree of C. P. Schuylkill Co., Nov. T., 1917, No. 3, dissolving an injunction, in case of The Pottsville Union Traction Company v. The Borough of St. Clair—W. W. Thorn, F. P. Post, Michael Brennan, Albert Mansell, Charles Hughes, Geo. W. Wolff, George Scherr, W. A. Reese and John Schuster, Councilmen, and W. S. Hirst, Chief Burgess. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for an injunction.

BECHTEL, P. J., filed the following opinion:

And now, October 6, 1917, we dissolve the preliminary injunction granted in this case, for the reason, first, that we do not feel that we have any jurisdiction, under the decision in the case of the Bellevue Borough, Appellant, v. Ohio Valley Water Co., 245 Pa. 114; and for the further reason that we feel that the evidence has not disclosed any immediate or impending damage to the plaintiff; it discloses rather an apprehension of danger.

Other facts appear in the opinion of the Supreme Court.

The court dissolved the preliminary injunction which it had granted. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Byron A. Milner, Otto E. Farquhar, M. M. Burke, F. C. Newbourg, Jr.,* and *Joseph deF. Junkin,* for appellant.

*J. Milton Boone* and *William Wilhelm,* for appellees.

PER CURIAM, May 6, 1918:

The first reason given by the court below for dissolving the preliminary injunction is not good. It had undoubted jurisdiction of appellant's bill, which averred that the appellees had threatened to and were about to place and erect fences and other obstructions across the tracks and roadbed of appellant upon and along the streets and highways in the Borough of St. Clair, and to otherwise interfere with, impede and prevent the operation of the company's cars in said borough. In Bellevue Borough v. Ohio Valley Water Company, 245 Pa. 114, a very different situation was presented, and all that was there decided was that the question of the reasonableness of rates established by public service corporations must, in the first instance, be submitted to the Public Service Commission when challenged.

We have not been convinced that the court erred in dissolving the injunction for the second reason given, and the appeal is dismissed, at appellant's costs, with leave to it to apply for a reinstatement of the injunction if appellees should actually threaten or attempt to do the things complained of.