# Reading Coach Company, Appellant, *v.* Public Service Commission.

Argued October 20, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Frank M. Hunter,* of *Hannum, Hunter, Hannum & Hodge,* for appellant.

*Samuel Graff Miller,* with him *Harry H. Frank, John C. Kelley* and *Richard J. Beamish,* for appellee.

OPINION BY RHODES, J., February 26, 1937:

The residents of Reiffton filed a complaint with the Public Service Commission averring that the Reading Coach Company charged a higher rate for bus transportation from Reading to Reiffton than it charged for similar transportation between Reading and other suburban communities at a greater distance, and requesting that the Reading-Reiffton fare be reduced. Respondent's answer admitted that the situation was as set forth in the complaint, but alleged that its Reading-Reiffton fare was "in all respects just, reasonable, non-discriminatory, and otherwise in conformity with law." After hearing, the commission filed its report wherein it found "that the bus fare of 10c between Reiffton and Reading is unreasonable and improperly discriminatory," and made an order that the present 7-cent fare zone be extended to Thirty-sixth Street in Reiffton. Respondent has appealed, and contends that the order of the commission is unreasonable and not in conformity with law.

The order of the commission is prima facie evidence of the facts found, and the burden of proving the contrary rests upon the appellant; and we will not reverse unless the challenged order is clearly unreasonable and not in conformity with law, or shows an abuse of dis-

cretion. This is not a rate case, and section 22 of article 6 of the Public Service Company Law, as amended by the Act of June 12, 1931, P. L. 530 (66 PS §836), has no application. The issue raised was that of discrimination, and that is what the commission decided. The testimony presented at the hearing was on this issue alone. Appellant's argument that the word "unreasonable" in the commission's order indicated that it had exceeded its powers in this case by determining that the rate was unreasonable per se is without merit. It is apparent to us that the commission meant, and from the testimony found, that the rate was unreasonably discriminatory; and we are of this opinion notwithstanding the phraseology of the order. This determination, if supported by the record, the commission had power to make, for it is unlawful for any public service company —"(a). To charge, demand, collect, or receive, directly or indirectly, by any special rate, rebate, drawback, abatement, or other device whatsoever, from any person or corporation, for any service rendered or to be rendered, a greater or less compensation or sum than it shall demand, charge, collect, or receive from any other person or corporation for a like and contemporaneous service under substantially similar circumstances and conditions. ......

"(b). To make or give any undue or unreasonable preference or advantage in favor of or to any person or corporation or any locality, or any particular kind or description of traffic or service, in any respect whatsoever; or to subject any particular person or corporation or locality, or any particular kind or description of traffic or service, to any undue or unreasonable prejudice or disadvantage in any respect whatsoever": Section 8, art. 3, Act of July 26, 1913, P. L. 1374 (66 PS §262).

Section 8, art. 3, of the Public Service Company Law,

supra (66 PS §262), "inhibits unreasonable discrimination in all forms of public service": *Alpha Portland Cement Co. et al. v. P. S. C.*, 84 Pa. Superior Ct. 255, at page 270. The only substantial question raised by this appeal is whether there is evidence in the record to support the finding of the commission.

Appellant is an affiliate of Reading Street Railway Company which operates a street railway in the same territory, and the trolley and bus service are operated in a coordinated general transportation system. "The charging of different rates for service rendered upon different conditions and under different circumstances is not unlawful: *Alpha Portland Cement Co. v. P. S. C.*, 84 Pa. Superior Ct. 255": *American Lime & Stone Co. v. P. S. C.*, 100 Pa. Superior Ct. 158, at page 161. Are the conditions and circumstances on other routes of the appellant where a 7-cent fare is charged sufficiently similar to the Reiffton route where a 10-cent fare is charged to give an undue or unjust preference or advantage to those localities and to the residents thereof over Reiffton and the users of appellant's transportation facilities who live therein? In *Portland Railway, Light & Power Co. v. Railroad Commission of Oregon*, 229 U. S. 397, at page 411, 57 L. Ed. 1248, at page 1258, the Supreme Court of the United States said: " 'The fact that a rate is per se reasonable does not disprove the charge that it is unlawful,' say Messrs. Beale and Wyman in their work on Railroad Regulations, at §839. 'If rates are relatively unjust, so that undue preference is afforded to one locality or undue prejudice results to another, the law is violated and its penalties incurred, although the higher rate is not in itself excessive.' The question presented for consideration is not the reasonableness per se of the charge, but its reasonableness considered in relation to charges made by plaintiff at other localities on its system for like and contemporaneous service; for the statute, as

we have construed it, forbids undue preference or discrimination between localities. Circumstances, however, may so explain the difference between rates compared as to deprive the lower rate of any bearing on the higher, but the discrimination, without an excuse recognized by the law, would be in and of itself unjust and unreasonable. Beale & Wyman, §838." In *Nashville C. & St. L. Ry. et al. v. State of Tennessee et al.*, 262 U. S. 318, at page 322, 67 L. Ed. 999. at page 1002, it was held: "Every rate which gives preference or advantage to certain persons, commodities, localities, or traffic is discriminatory. For such preference prevents absolute equality of treatment among all shippers or all travelers. But discrimination is not necessarily unlawful. The Act to Regulate Commerce prohibits (by §§ 2 and 3) only that discrimination which is unreasonable, undue, or unjust [cases cited]. Whether a preference or discrimination is undue, unreasonable, or unjust is ordinarily left to the Commission for decision; and the determination is to be made, as a question of fact, on the matters proved in the particular case."

The record in this case shows two routes of the appellant which have marked similarity; the one leading to Stoney Creek and the other to Reiffton. The central loading point for both routes is Fifth and Penn Streets, in the City of Reading, and both traverse the City of Reading in a generally east and west direction through what is known as the "city zone" where the population is of equal density on both lines, and then branch off to the respective suburban communities. Stoney Creek is 3.8 miles from Fifth and Penn Streets, and the fare is 7 cents on both trolley and bus. Reiffton is 3.3 miles from Fifth and Penn Streets, and the bus fare is 10 cents. The trolley service from Reading to Birdsboro, on which route is located the village of Reiffton, has been abandoned. Prior to the abandonment of trolley

service, the fare from Reading to Reiffton was 7 cents. The Reiffton route extends through the city to Twenty-eighth Street and Perkiomen Avenue, where the population density ends, and at that point there is a split. Thirty-sixth Street and Perkiomen Avenue in Reiffton are seven-tenths of a mile from that point. For three-tenths of a mile this route traverses a mountain side where the topographical condition will probably not permit of an extensive development.

While the Reiffton route extends in a southerly direction from Twenty-eighth Street and Perkiomen Avenue, the Stoney Creek route extends in a northerly direction from Twenty-third Street and Perkiomen Avenue, a distance of about 2 miles to Stoney Creek, passing through Mt. Penn Boro. and other built-up sections. On the Stoney Creek route there is also an amusement park and a cemetery. The testimony is to the effect that there is as much territory not built up along the Stoney Creek route as there is along the Reiffton route. Reiffton may be considered as virtually a continuation of the city zone ending at Twenty-eighth Street, separated only by three-tenths of a mile of undeveloped territory. Both Reiffton and Stoney Creek sections are suburban communities, and the territory between these respective communities and Fifth and Penn Streets is sufficiently similar to justify the commission in concluding that they are entitled to equal consideration. It is unnecessary for us to narrate the testimony in detail or to enumerate the deductions which the appellant seeks to draw therefrom. We think it is apparent that the testimony discloses that those who live in Reiffton and pay a 10-cent fare to Fifth and Penn Streets, a distance of 3.3 miles, suffer an undue disadvantage in comparison with those who live at or near Stoney Creek and pay a 7-cent fare to Fifth and Penn Streets, a distance of 3.8 miles. Stoney Creek area is thereby unduly favored over Reiffton, and it is a natural in-

ference that the effect of such discrimination is to build up and develop the former and retard the growth of the latter. The fare on the Stoney Creek route was 7 cents when the fare on all other bus lines operated by the appellant was a minimum of 10 cents, and as a result thereof many people living east of Twenty-third Street would walk to Twenty-third Street and take the Stoney Creek bus or trolley at that point in order to obtain the advantage of the 7-cent rate on that line. The location of these communities, maximum loading point for both of which is at Fifth and Penn Streets, is sufficiently similar, and the conditions and circumstances of the transportation sufficiently alike, to warrant equality of treatment. The record supports the essential findings and determination of the commission. It was for the commission to determine under the facts which have been presented whether the Reiffton fare in comparison with the Stoney Creek fare is unduly and unreasonably discriminatory. We do not find that the challenged order is arbitrary, unreasonable, or not in conformity with law.

Appellant contends that the complaint should have been dismissed on the ground that the testimony of the complainants was not sufficient to support the complaint. We think the commission properly refused to dismiss the complaint. The differential between the rates to Stoney Creek and to Reiffton set forth in the complaint, and as supported by complainant's testimony, would be prima facie unjust and unreasonable. The burden to justify it was on appellant.

The appeal is dismissed, and the order of the commission is affirmed.