## Bellevue Borough, Appellant, v. The Ohio Valley Water Company.

*Water companies—Contract with municipal corporations—Increase of water rates—Unenforceable provisions.*

1. A contract between a borough and a water company, whereby the water company is granted the right to lay pipes and mains in the streets of the borough, with a stipulation that certain specified rates shall be charged the borough and its inhabitants for water, unlimited by its terms and hence indeterminate as to time, cannot be enforced indefinitely, and the water company is not thereby precluded from raising its rates, if its necessities so require.

*Courts—Power to determine reasonableness of water rates— Public Service Commission—Acts of April 29, 1874, P. L. 73, Clause 7, Section 34, and July 26, 1913, P. L. 1374—Equity—Preliminary injunction.*

2. So much of Clause 7, Section 34, of the Act of April 29, 1874, P. L. 73, as conferred upon the courts the power to determine questions relating to the resonableness or unreasonableness of water rates, has been repealed by the Act of July 26, 1913, P. L. 1374, which conferred this power upon the Public Service Commission.

3. Where in a suit in equity, brought by a borough and certain taxpayers to enjoin a water company from increasing its rates above the schedule fixed by the contract between the borough and the water company, at the time when the franchise was granted, it appeared that the stipulation fixing the rate was indeterminate as to time, the court made no error in refusing a preliminary injunction.

Argued March 17, 1914. Appeal, No. 73, Oct. T, 1914, by plaintiffs, from decree of C. P. Allegheny Co., April T., 1914, No. 435, In Equity, refusing preliminary injunction in case of The Borough of Bellevue, a Municipal Corporation, W. C. Bradley and M. C. Ryan, Citizens and Taxpayers of said Borough v. The Ohio Valley Water Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity to enjoin defendant water company from increasing its rates. Motion for preliminary injunction. Before EVANS, J.

From the record it appeared that a contract had been entered into between the Borough of Bellevue and the water company which fixed the rates to be charged for the use of water. Subsequently the water company increased its rates and the borough and certain citizens filed a bill restraining the water company from enforcing its new rates.

Further facts appear in the opinion of the Supreme Court.

The court refused the preliminary injunction. Plaintiffs appealed.

*Error assigned* was the decree of the court.

*Leonard K. Guiler,* with him *David L. Starr,* for appellants.—The ordinance under which the water company acquired its franchise constitutes a contract, binding upon both parties, and enforceable in equity: Carlisle Gas & Water Co. v. Water Co., 188 Pa. 51; Penna. Water Co. v. Pittsburgh, 226 Pa. 624; Bellevue Boro. v. Mfrs. Light & Heat Co., 238 Pa. 388; Dorrance v. Bristol Boro., 224 Pa. 464; White Haven Boro. v. Water Co., 209 Pa. 166; Hydro-Carbon Fuel Co. v. Plumb, 182 Pa. 463; White v. Crawford, 84 Pa. 433; New Cumberland Boro. v. Water Company, 232 Pa. 531; Lehigh-Coplay Water Co. v. Coplay Boro., 11 Pa. D. R. 602; Alle-

gheny v. Railway Co., 159 Pa. 411; Point Bridge Co. v.
Pittsburgh Railways Co., 240 Pa. 105; Muncy Elec.
Light, Heat & Power Co. v. People's Elec. Light, Heat &
Power Co., 218 Pa. 636.

*Wm. Watson Smith,* of *Gordon & Smith,* for appellees.
—The contract relied upon by plaintiff is not enforce-
able because it is for an unlimited period, and therefore
against public policy: Turtle Creek Boro. v. Pennsyl-
vania Water Co., 243 Pa. 415; Pennsylvania Railroad
Co. v. Philadelphia County, 220 Pa. 100; Osborne v.
San Diego Land & Town Co., 178 U. S. 22; Carson Lum-
ber Co. v. St. Louis & San Francisco R. R. Co., 198 Fed.
Rep. 311.

OPINION BY MR. JUSTICE ELKIN, April 20, 1914:
We fully agree with the general conclusions reached
by the learned court below, and nothing contained in
this record, or said in the argument, would warrant us
in disturbing the decree refusing the motion for a pre-
liminary injunction.   If the case in any of its aspects
involves the reasonableness or unreasonableness of
water rates, it is a sufficient answer to say that the sec-
tion of the Act of April 29, 1874, P. L. 73, which gave
courts the power to determine questions of this charac-
ter was repealed by the Public Service Company Law,
approved July 26, 1913, P. L. 1374.   In other words the
legislature took this power away from the courts and
conferred it upon the Public Service Commission.
Hereafter, so long as the Act of 1913 remains in force,
the question of the reasonableness of rates established
by public service corporations, must in the first instance
be submitted to the Public Service Commission when
challenged.   This is now the declared statutory policy
of the law, and it is binding not only upon the interested
parties, but upon the courts as well.   We do not know
that this position is seriously controverted by learned
counsel for either side of the present controversy.

It is argued, however, and with much force, that there is an existing contract between the borough and the water company fixing the rates to be charged, and that the courts are always open to protect the contractual rights of the parties on one side, and to enforce their obligations on the other. This is true, and if there was a valid binding contract in the present case, it would be necessary to sustain the contention of appellants. The case therefore turns upon the continuance and validity of the contract relied on. The contract in question was made in 1896, and by its terms the water company was granted the right to lay pipes and mains in the streets of the borough with a stipulation that certain specified rates should be charged the borough and the inhabitants thereof for water furnished. The contract as to water rates is unlimited in time, being coextensive with the grant. Is such a contract binding in the face of the declared statutory policy of the law that the Public Service Commission shall have the power to inquire into and determine the reasonableness of rates in all such cases? This question was answered adversely to the contention of appellants in Turtle Creek Boro. v. Penna. Water Co., 243 Pa. 415. We did not then decide whether a contract between a borough and a water company, for a definite term of years and for specified rates during the limited term, would be enforced as between the parties, because that question was not then raised; and it is not raised now, so that this will be left as an open question until it is presented in concrete form upon facts calling for a decision of the point. We did decide in that case that a contract of this kind, unlimited by its terms, and hence indeterminate as to time, could not be enforced indefinitely, and must give way to the general policy of the law under which the legislature created a special tribunal to pass upon and determine questions relating to the reasonableness of rates charged by public service corporations. The learned court below in the present case very properly followed the decision in that

case and held that the Borough of Bellevue could not enforce through the courts a compliance with the rates thus established. It is not a continuing binding contract enforceable through a court of equity. This is so not because the courts have any desire to avoid the performance of duties cast upon them by the law, but because the people speaking through the legislature have declared that these duties shall be performed by a special tribunal created for the purpose. The disposition everywhere is to commit questions relating to the regulation, and to the rates of public service corporations, to the supervisory powers of special tribunals, and concededly matters of this character are within the domain of legislative action.

We agree with the learned court below that the Public Service Commission is the only tribunal that has the power, as the law now stands, to give the complainants the relief prayed for in the present bill, if such relief be deemed proper.

Decree affirmed at the cost of the appellants.