## Klein-Logan Co., Appellant, v. Duquesne Light Company.

*Equity—Public service companies—Electric companies—Rates—Contract—Renewal—Public Service Company Act of July 26, 1913, P. L. 1374—Refusal to recognize renewal—Bill in equity—Injunction—Refusal—Public Service Commission, jurisdiction.*

1. Matters within the jurisdiction of the Public Service Commission must first be determined by it in every instance before the courts will adjudge any phase of the controversy.

2. A bill in equity to enjoin an electric company from terminating or attempting to terminate a contract alleged to have been renewed by the plaintiff under the terms of a previously existing contract with defendant requiring defendant to furnish electricity to plaintiff at certain specified rates, was properly dismissed on the ground that the question was properly one for the Public Service Commission in the first instance.

Argued May 6, 1918.    Appeal, No. 57, Oct. T., 1918, by plaintiff, from decree of C. P. Allegheny Co., Jan. T., 1918, No. 71, in equity, dismissing bill in equity for an injunction in case of The Klein-Logan Company, a Corporation duly chartered and existing under the Laws of the State of Pennsylvania, v. The Duquesne Light Company, a corporation, also of Pennsylvania.    Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Bill in equity for injunction.

The facts appear from the following opinion by WASSON, J.:

This case was set down for argument on bill and answer.    The material averments of the bill are admitted.

On October 15, 1912, the plaintiff and the South Side Electric & Manufacturing Company entered into a written contract, by the terms of which the latter agreed to furnish the former with certain electric current for a term of five years at a definite and fixed rate per kilowatt hour of service.    The contract contains a provision that at the expiration of the term the customer shall have the privilege of renewal at the same rate for a further period of five years by giving thirty days' notice in writing of such renewal.    Sometime after the contract had been entered into, although the exact date is not given, the defendant took over the property of the South Side Electric & Manufacturing Company and thereafter operated the same and furnished current under the terms and conditions of the contract.    On August 13, 1917, the plaintiff, having received notice from the defendant that the contract would be terminated at the expiration of the term on October 13th, notified the defendant in writing that the privilege of renewal was thereby exercised and the contract would be extended for a further period of five years.    The defendant replied that a renewal could not be accepted, because neither the form nor the rate of the old contract were in use and, moreover, the

Public Service Company Law required electric companies to furnish all service upon uniform and standard prices and terms. Some further negotiations ensued, when finally the defendant, on September 29th, notified the plaintiff that it would not continue to supply service of current after October 15th under the terms of the old contract. The plaintiff's bill was thereupon filed asking for a preliminary injunction, to be afterwards made final, restraining the defendant from terminating or attempting to terminate the contract by shutting off the current or doing anything to interfere with the successful operation of the plaintiff's plant by the use of electricity which the defendant had agreed to furnish and had theretofore been furnishing. No preliminary injunction issued, the parties having reached an amicable basis of adjustment pending final disposition of the case. The defendant stood ready at all times to furnish the plaintiff with service according to the regular rates as set forth in its posted and published tariffs, which rates it was maintained were fair, just and reasonable.

[The contract in controversy is with a public service company and deals exclusively with service and rates. If the plaintiff is entitled to relief in any aspect of the case presented, it is not in this court under the present proceedings. The Public Service Law of 1913 gives the Public Service Commission exclusive jurisdiction, in the first instance, to inquire into and regulate the service, rates, fares, tolls and charges of any and all public service companies. The courts of Pennsylvania no longer have jurisdiction except upon appeal from a determination by the Public Service Commission.] (1) In the most recent deliverance of the Supreme Court in the case of Borough of St. Clair, Appellant, v. Tamaqua & Pottsville Electric Ry. Co. et al. (as yet not reported), in which the borough filed a bill in equity praying that the railway company be restrained from running their cars over a certain designated route, or prohibited from

charging more than a five-cent fare thereon, the court says:

"Since the Public Service Company Law has been upon our books, we have consistently adhered to the rule that matters within the jurisdiction of the commission must first be determined by it, in every instance, before the courts will adjudge any phase of the controversy: Bethlehem City Water Co. v. Bethlehem Boro., No. 2, 253 Pa. 333, 337-8; New Brighton Boro. v. New Brighton Water Co. et al., 247 Pa. 232, 242; and it is plain that orderly procedure requires an adherence to this practice, otherwise different phases of the same case might be pending before the commission and the courts at one time, which would cause endless confusion. Under the established system, the commission, in the first instance, passes upon all changes of rates made by public service corporations, subject to a proper and well regulated review by the courts, where and when all questions of law may be raised and determined; and this is so not because the courts have any desire to avoid the performance of duties cast upon them by the law, but because the people, speaking through the legislature, have declared that these duties shall be performed by a special tribunal created for the purpose."

[The provisions of the Act of 1913, and the ruling of the Supreme Court as above set forth are sufficient, we believe, to impel us to dismiss the bill without entering upon any discussion of the merits of the plaintiff's contention that it is entitled to renew the contract of 1912 regardless of the posted and published rates of the defendant company. The plaintiff can present its claim before the Public Service Commission, and if denied the right of renewal, may then appeal to the courts without prejudice.] (2)

The lower court dismissed the bill. Plaintiff appealed.

530 KLEIN-LOGAN CO., Appel., *v.* DUQUESNE L. CO.

*Error assigned,* among others, was the decree of the court.

*W. K. Jennings,* with him *D. C. Jennings,* for appellant.

*Edwin W. Smith,* with him *A. W. Robertson* and *Reed, Smith, Shaw & Beal,* for appellee.

PER CURIAM, June 3, 1918:

This decree is affirmed at appellant's costs on the opinion of the learned court below dismissing its bill.