## Metal Products Co., Appellant, *v.* Beaver Co. Light Co.

*Public service companies—Public Service Commission—Jurisdiction—Rates.*

A court of common pleas has no jurisdiction to determine what is the lawful rate to be charged by a public service company.

The Public Service Commission is the proper and exclusive tribunal to decide such matters, subject to the right of appeal.

Where an electric company has filed a schedule of increased rates with the Public Service Commission, such rates can be collected by the company, in spite of the fact that there are in existence contracts providing for different rates.

Argued December 1, 1919.   Appeal, No. 61, April T., 1920, from decree of C. P. Beaver County, December T., 1918, No. 5, sitting in equity, dissolving preliminary injunction, in the case of Metal Products Company v. Beaver County Light Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Bill in equity for an injunction.   Before BALDWIN, P. J.

The opinion of the Superior Court states the case.

The court dismissed the bill.   Plaintiff appealed.

*Error assigned* was the order of the court.

*A. P. Marshall,* for appellant.

*D. A. Nelson,* and with him *A. W. Robertson,* for appellee.

OPINION BY LINN, J., February 28, 1920:

This appeal is from an order of December 28, 1918, dissolving a preliminary injunction granted October 28, 1918.   On October 30, 1918, a demurrer to the bill was filed, averring that the court lacked jurisdiction of the subject-matter and that the Public Service Commission had exclusive jurisdiction.

We assume from the docket entries that the preliminary restraint was granted on injunction affidavits stated to have been filed with the bill on October 28, 1918.   On December 28, 1918, the court filed an opinion granting defendant's motion to dissolve.

So far as appears on the record submitted to us, there has been no hearing on the demurrer.

The first and second assignments challenge the action of the court in "not overruling defendant's demurrer" and in "not directing (that) an answer be filed to the bill." At the oral argument of the case, counsel for appellant withdrew those two assignments and asked that the case be determined on the merits appearing from the facts stated by the court below in the opinion filed December 28, 1918. The remaining assignments allege error in holding that in the first instance jurisdiction of the subject-matter was in the Public Service Commission and not in the court.

The bill avers that appellant is a manufacturing corporation, employing many hands, manufacturing munitions for the United States, with contracts requiring continuous operation, and that electric current is essential therefor. It is averred that appellant and appellee had made contracts under which appellee was furnishing and was required to furnish current to appellant, but that on the 25th of October, 1918, appellee declined to accept appellant's tender of an amount by it alleged to be due for current furnished and demanded payment of a greater sum and threatened to discontinue the supply of current unless the sum claimed by appellee to be due was paid. It was also averred that if appellee executed its threat, irreparable damage would result. The bill prayed for an injunction to restrain the discontinuance threatened, and for general relief.

The opinion of the court which, as has been stated, we have been asked by counsel for the parties to consider as part of the record properly before us, stated the following facts:

"The defendant is a public service corporation engaged in the manufacture and sale of electricity for power and light. On December 31, 1912, it entered into a contract with the plaintiff company for a supply of cur-

rent.   This contract was for five years; by its terms it was automatically renewed in December, 1917, for another period of five years.   June 20, 1918, the defendant filed a schedule of rates with the Public Service Commission of the Commonwealth, which were posted and published according to the provisions of the Public Service Law, and became effective July 20, 1918.   Schedule 'F' of this tariff covers the service being furnished by defendant to plaintiff, and increases the rates over the charges fixed in the contract.   In September, 1918, the defendant rendered plaintiff a bill for current furnished to date at the schedule rate.   The plaintiff refused to pay the bill and tendered the amount due at the contract rate.   The defendant company refused the tender, and, after some negotiations with the plaintiff, notified the latter that unless its current was paid for at the schedule rate the supply would be discontinued."

Appellant wrongfully declined to pay the rate charged by appellee pursuant to a tariff in force.   If appellant deems the rate unreasonable, the Public Service Company Law provides for a trial of that complaint before the commission, with an appeal to this court from the decision of the commission.   It has been held that the mere existence of a contract like that set up by appellant does not make the rate specified therein a lawful rate.   The court of common pleas had no jurisdiction to determine what is a lawful rate, the jurisdiction of the commission, subject to the right of appeal, being exclusive;   the subject is exhaustively considered in Bellevue Borough v. Ohio Valley Water Company, 245 Pa. 114;   St. Clair Borough v. T. & P. Electric Railway Co., 259 Pa. 462;   V. & S. Bottle Co. v. Mountain Gas Company, 261 Pa. 523;   Klein Logan Co. v. Duquesne Light Co., 261 Pa. 526;   Foltz v. Public Service Commission, 73 Pa. Superior Ct. 24;   Leiper v. Baltimore and Philadelphia R. R. Co., 262 Pa. 328.

The order appealed from is affirmed at the cost of appellant.