# Hickey *v.* Philadelphia Electric Company, Appellant.

Argued March 10, 1936.

Before KELLER, P. J., CUNNINGHAM, PARKER, JAMES and RHODES, JJ.

*Frank M. Hunter,* with him *Bernard P. Carey* and *Raymond J. Bittle,* for appellant.

*Nathan Agran,* for appellee.

OPINION BY KELLER, P. J., April 24, 1936:

The plaintiff sued the defendant in assumpsit to recover $60, which he averred defendant had unlawfully and unjustly required him to pay before it would resume supplying him with electricity. In his statement of claim he averred that defendant's agents had previously cut the electric wires leading into his premises, shut off the electrical current and removed the meter because, they alleged, the meter had been tampered with. Said charge of $60 had been imposed by defendant to reimburse itself for the damage alleged to have been done it by the tampering with said meter, and as compensation for costs of inspection and the consumption of unmetered current since said injury to the meter; and, plaintiff averred, it had been paid by him under protest.

The defendant filed a petition, under the Act of March 5, 1925, P. L. 23, raising the question of the jurisdiction of the court below to hear and determine the cause of action for which suit was brought, and averring that it came within the matters committed to the jurisdiction of the Public Service Commission by the Public Service Company Law of July 26, 1913, P. L. 1374. A rule to show cause was granted and the plaintiff filed an answer, admitting many of the averments in the petition but asserted the jurisdiction of the court over the cause of action. On the pleadings thus presented—the plaintiff's statement of claim, the petition and answer [1]—and without depositions, the court pre-

---

[1] Unlike a hearing on preliminary objections to a bill in equity (Equity Rules 48—See Midland Boro. v. Steubenville, &c Traction Co., 300 Pa. 134, 150 A. 300) the court is not confined to the averments appearing in the plaintiff's statement or bill, for the Act of 1925 contemplates the filing of a petition, the granting of a rule, the filing of an answer, and the taking of depositions, if required to establish facts averred in the petition or answer.

liminarily determined that it had jurisdiction of the cause of action for which suit was brought, dismissed the petition, and discharged the rule. Within fifteen days defendant appealed to this court. We are of opinion that the court erred in dismissing defendant's petition and discharging the rule granted thereon.

Our Supreme Court, in construing the Public Service Company Law aforesaid, said that it "was intended to establish a *complete* and *uniform system* throughout the State for the enforcement of such powers as were conferred upon the Public Service Commission by that statute": York Water Co. v. York, 250 Pa. 115, 119, 95 A. 396.

The term, 'service,' is used in the Public Service Company Law in its broadest and most inclusive sense and embraces "any and all acts done, rendered or performed ...... by public service companies in the performance of their duties to their patrons." (Art. I, sec. 1). The Law imposes on public service companies the duty, inter alia, "to render and furnish all such service at prices, charges, rates, ...... or compensation that shall be just and reasonable, and in conformity with such reasonable regulations or orders as may be made by the Commission (Art. II, sec. 1 (b) ). It provides that it shall be lawful for every public service company "to demand, collect and receive fair, just and reasonable ...... charges or ...... compensation for each and every service rendered ...... by it" (Art III, sec. 1), and "to have reasonable rules and regulations, subject to existing law and the provisions of this act, governing the conduct of its business and the conditions under which it shall be required to render service ...... It may require the payment of charges in advance ...... or impose penalties for failure to pay promptly: Provided, that such advance charges ...... or penalties are reasonable and apply equally and without discrimination or preference to all ...... consumers and

patrons under like conditions and under similar circumstances." (Art. III, sec. 1 (c) ). And it provides that it shall be unlawful for any public service company "to charge, demand, collect or receive, directly or indirectly, by any special rate, rebate, drawback, abatement, or other device whatsoever, from any person or corporation, for any service rendered or to be rendered, a greater or less compensation or sum than it shall demand, charge, collect or receive from any other person or corporation for a like and contemporaneous service under substantially similar circumstances and conditions" (Art. III, sec. 8 (a) ). The Commission is expressly given power by the statute to "inquire into and regulate the *service,* rates ...... or charges of any and all public service companies" (Art. V, sec. 1) ; to determine, after hearing, had upon its own motion, or upon complaint, whether the *service,* facilities, rules, regulations or *practices* of any public service company in respect to, or in connection with, or employed by, or in the performance of its public duties, are unjust or unreasonable; and upon determining the same to be unjust or unreasonable, the Commission is given power and is directed to determine and specify the just, reasonable and sufficient service, facilities, rules, regulations or practices thereafter to be put in force, observed, and used by said public service company in the performance of its public duties; and thereupon it shall be the duty of every public service company affected by said order to observe and obey said order and all and every the mandates and requirements thereof (Art. V, sec. 2). And by Art. V, sec. 5, it is provided that if the Commission, after hearing, upon complaint or upon its own motion, shall determine, inter alia, that any acts which have been done or omitted to be done, or any regulations or practices which have been enforced by any public service company in relation to any service rendered, were unjust and unreasonable, or unjustly dis-

criminatory, it shall have power and authority to make an order for reparation and direct the payment to any complainant of the damages sustained in consequence of said unjust, unreasonable or unlawful acts, regulations, or practices; and that "No action shall be brought in any court on account of the wrongs, or injuries referred to in this section, unless and until the Commission shall have determined that the ...... regulation ...... practice, act or omission in question was unjust, unreasonable or unjustly discriminatory ...... and, then, only to recover such damages as may have been awarded and directed to be paid by the Commission in said order."

By virtue of the power expressly recognized in Art. III, sec. 1 (c) above, the defendant company admittedly adopted, inter alia, the following rules and regulations, which it contends are reasonable:

"1.4. Application of Rates. The rates apply only to the use of electricity of such form as is regularly furnished by the Company in the locality in which premises to be served are situated, and apply only to the regular and usual supply of electricity. The supply of service for any purpose, at any location, is contingent upon payment of all charges provided for in this Tariff as applicable to the location and the character of service."

"5.1. Customer's Responsibility for Equipment. The Company shall keep in repair and maintain its own property installed on the premises of the Customer; provided, however, that if property of the Company on the premises of the Customer is damaged, the cost of inspection of, and repairs to, such property, shall be paid by the Customer. The Customer shall not permit any person, except a Company employee having a standard badge of the Company for the current calendar year or other Company identification, to break any seals upon, or to do any work on, any meter or other

apparatus of the Company located on the Customer's premises."

"11.2. Discontinuance by Company. The Company reserves the right to discontinue its service on reasonable notice and to remove its equipment in case of nonpayment of bill or violation of the Company's Rules and Regulations; or, without notice, for abuse, fraud, or tampering with the connections, meters, or other equipment of the Company. Failure by Company to exercise this right shall not be deemed a waiver thereof."

Pursuant to these rules, it claimed the right to discontinue its service to the plaintiff because of tampering with its meter; and to recover from the plaintiff as a prerequisite to renewing the service the reasonable cost of the inspection of and repairs to its equipment, and fair and reasonable compensation for the current consumed on plaintiff's premises after the meter had been tampered with, in consequence of which the current had not registered on the meter; and it contended that $60 was a just, fair and reasonable charge for the services embraced by these items.

It seems clear to us that all of these matters fell within the powers and authority expressly conferred on the Commission, as above, and that if the plaintiff felt himself aggrieved by the acts, regulations or practices of the defendant company, or claimed that they or any of them were unjust or unreasonable, the forum to have those questions settled and determined in a way that should be fair to both parties and at the same time should protect the public and prevent unjust and unlawful discrimination in the application of the rules, regulations, practices and charges of the defendant company in such circumstances, was the Public Service Commission.

The gravamen of the plaintiff's complaint is that the defendant company in the enforcement of its rules and regulations set up or put into effect practices which

were unjust and unreasonable, and, in consequence, compelled him to pay charges which were in excess of what he justly and reasonably should have been required to pay; to recover back the excess thus unlawfully exacted from him he brought this suit. But these are matters which the general assembly, in the establishment of a complete and uniform system for the supervision and regulation of public service companies has decided are for the determination of the Public Service Commission, to whom it has specially committed them, to the exclusion of the courts, until the Commission shall have passed upon the justness and reasonableness of the acts, regulations and practices complained of.

These conclusions are supported by the following decisions, inter alia, of the Supreme Court and of this Court:

Bellevue Borough v. Ohio Valley Water Co., 245 Pa. 114, 91 A. 236, bill to enjoin defendant company from increasing its rates; New Brighton Borough v. New Brighton Water Co., 247 Pa. 232, 93 A. 327, mandamus looking to acquisition by borough of defendant's water works; St. Clair Boro. v. Tamaqua &c Ry. Co., 259 Pa. 462, 103 A. 287, bill to restrain new routing of cars and charging more than five cent fare; Pittsburgh Rys. Co. v. Pittsburgh, 260 Pa. 424, 103 A. 959, bill to enjoin construction of highways at grade; Klein-Logan Co. v. Duquesne Light Co., 261 Pa. 526, 528, 104 A. 763, bill to enjoin termination of contract; Leiper v. Balto. & Phila. R. R. Co., 262 Pa. 328, 105 A. 551, bill to restrain defendant from charging a higher rate than that fixed in a contract; Fogelsville & Trexlertown Elec. Co. v. Penna. P. & L. Co., 271 Pa. 237, 240, 241, 114 A. 822, bill to restrain defendant from constructing pole line, etc.; Bethlehem v. Allentown, 275 Pa. 110, 118 A. 643, bill to restrain defendant from supplying water within plaintiff's corporate limits; Rochester B. & L. Assn. v.

Beaver Valley Water Co., 68 Pa. Superior Ct. 122, bill to compel renewal of water service; Wright v. Lancaster Suburban Water Co., 109 Pa. Superior Ct. 372, 167 A. 397, bill to enjoin defendant's use of plaintiff's water main. See also Beaver Valley Water Co. v. P. S. C., 70 Pa. Superior Ct. 621, complaint as to reasonableness of water company's rule requiring arrearages of former owner to be paid by successor in title; Tyrone Gas & Water Co. v. P. S. C., 77 Pa. Superior Ct. 292, complaint seeking order compelling water company to furnish water.

The cause of action—"that which creates the necessity for bringing the action" (Skelton v. Lower Merion Twp., 298 Pa. 471, 148 A. 846)—concerns a matter which has been committed by government to the jurisdiction of the Public Service Commission. That body is the tribunal now invested with power and authority to consider and determine the justness and reasonableness of defendant's rules, regulations and practices, and to apply, and enforce the application of, its rules and regulations in such a manner as not to work injustice to its patrons, including the plaintiff, nor on the other hand, encourage tampering with defendant's meters or equipment by allowing the tamperer to get off without paying for current consumed by him, or by paying for it only the scheduled rates charged for the regular and usual registered supply of electricity. The Commission is best fitted and equipped to pass on the reasonableness of the company's rules and regulations and the fairness of its practices in applying them, and, having determined these matters, to enforce them reasonably and *uniformly*. It is far better qualified to do so than is a succession of different juries in a series of different and unrelated actions at law.

Certain it is, under the decisions above cited, that if the plaintiff, instead of paying the charge demanded by defendant had filed a bill in equity to compel the de-

fendant company to resume its service, the bill would have been dismissed, (Rochester B. & L. Assn. v. Beaver Valley Water Co., supra) because jurisdiction over the subject matter has been committed to the Public Service Commission (Beaver Valley Water Co. v. P. S. C., supra; Tyrone Gas & Water Co. v. P. S. C., supra). The plaintiff will not be permitted to defeat and set aside the primary power and authority of the Commission to determine the reasonableness of the defendant company's regulations and the fairness and justness of its practices in applying them, by an action at law any more than by a suit in equity.

The assignment of error is sustained. The order is reversed. The rule granted is made absolute and it is adjudged and decreed that the lower court does not, at this time, have jurisdiction of the cause of action for which suit was brought; without prejudice to plaintiff's right to proceed by complaint to the Public Service Commission.