## Brown, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued March 10, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*M. S. DePierro*, with him *Anthony Ciotola*, for appel-
lant.

*Allen Lesley*, with him *Herbert S. Levy* and *Harry
M. Showalter*, for appellee.

*George M. Brodhead, Jr.,* with him *Joseph H. Henderson,* of *Rawl & Henderson,* for intervening appellee.

OPINION BY BALDRIGE, J., April 13, 1943:

Elizabeth Brown, the appellant, filed a complaint against the Upper Mauch Chunk Water Company in which she alleged that she was charged improper amounts for water service in a residential property located at No. 90 Centre Street in Mauch Chunk, and asked that the single flat rate service, which prevailed prior to March 31, 1937, be reinstated or that a meter be installed for the purpose of making a proper, fair, and reasonable charge for the water consumed. A questionnaire was prepared by the commission and forwarded to the company, which was received in evidence. It appeared therein that the complainant did not make an application for water service or sign a contract as required by the water company's rules and regulations; that its tariff provides as follows: "Metered Service: Water will be served through meters to all industries, large commercial establishments, public garages and such other consumers whose use of water is unusually large or wasteful." The respondents answered further that the complainant is not entitled to such service and the rates she was charged were in accordance with the effective tariff. It admitted its refusal to put a meter in her property.

The testimony disclosed that prior to 1937 bills were rendered by the water company and were paid by the complainant on the basis of a single dwelling unit at a flat rate of $6.25 per quarter year. A consumers' fixture survey was made by the water company in the latter part of December 1937, which disclosed a second sink had been added to one of the rooms on the second floor and that the single dwelling had been altered so that each of the two floors constituted an apartment consisting of a bedroom, dining room and kitchenette,

but the two tenants shared the same bathroom. The company then changed its charges from a single flat rate to a double flat rate of $12.50 per quarter. Each apartment was rented to a young woman, who conducted her own household with separate meters for electricity used, and each paid her own light bills and rent. They continued to occupy the premises from 1937 to 1940 when the complainant became the sole occupant and thereupon the water company changed the charges to a single flat rate.

The commission after a full hearing filed an order setting forth the rates applicable to domestic service and held that "the rates for each item of flat rate fixture which respondent used in its bills to complainant were the rates as shown in its effective tariff," and that the class of service to complainant's premises is not one for which the effective tariff provides meter rates and for this reason meter rate service is not available to her, and dismissed the complaint. This appeal followed.

There was little, if any, dispute concerning the manner the building was subdivided, the uses to which it was subjected, the water fixtures in service, or that the two tenants occupied different apartments. The reasonableness of the classification and of the different rates applicable were administrative or factual questions for the commission's consideration. We cannot disturb their findings if supported by competent evidence: *Carpenter v. Pennsylvania Public Utility Commission*, 141 Pa. Superior Ct. 447, 452, 15 A. 2d 473. There is no basis for holding that the effective rates are not properly classified or unreasonably prejudicial to complainant or otherwise unlawful or unjust. The charging of different rates for service rendered under varying conditions and circumstances is not unlawful: *Alpha Portland Cement Company et al. v. Public Service Commission*, 84 Pa. Superior Ct. 255;

*American Lime & Stone Company v. Public Service Commission*, 100 Pa. Superior Ct. 158, 161. The fact that the owner of a property is the sole contracting party for water is not controlling in determining whether the consumer is entitled to a rate based on a single unit. Nor may the amount of water used be the correct criterion to determine whether a single unit rate is applicable. The use made of the property is an important factor to be considered in determining the proper applicable rates. Classification by consumer units rather than according to ownership of properties was sustained by this court in *Hunter v. Public Service Commission*, 110 Pa. Superior Ct. 589, 597, 168 A. 541.

It is so clear that complainant did not establish that she was entitled to meter service that this contention requires no discussion.

Appellant's final contention is that she could not be bound by the provisions of the water company's effective tariff because she had never filed a written application, which the rules of the company made a prerequisite to the furnishing of service. The commission having found as a fact that the rates billed appellant for the period in dispute were those prescribed by the company's effective tariff, it cannot be said as a matter of law that appellant's own failure to file a written application or enter into a written contract bars the water company from enforcing its published schedules for services furnished. She cannot advance her own neglect as a reason for obtaining a lower rate than the applicable schedule called for. A written contract with the consumer is here in no sense a condition precedent to recovery of tariff rates for service furnished and billed according to such rate. The last rate published is the legal, suable rate, and controls: *Suburban Water Co. v. Oakmont Boro*, 268 Pa. 243, 248, 249, 110 A. 778. Whatever penalties the water company may incur by failure to enforce their rule requiring a written

contract in a given instance, its violation here cannot relieve appellant of the duty to pay according to the published tariff for service furnished. The order of the commission directed future service to be furnished appellant under a written application and contract in accordance with the company's rule.

Commission's order is affirmed at costs of appellant.