# Bell Telephone Company of Pennsylvania, Appellant, v. Philadelphia Warwick Company.

Argued January 6, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Benjamin O. Frick,* with him *J. B. H. Carter,* for appellant.

*Harry H. Frank,* with him *Wolf, Block, Schorr & Solis-Cohen, Bernard Eskin* and *McNees, Wallace & Nurick,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 28, 1947:

The denial by the court below of jurisdiction over the subject-matter of this action springs from a not un-

common confusion between the question of jurisdiction and that of the plaintiff's right to recover.

Plaintiff, The Bell Telephone Company of Pennsylvania, on June 19, 1942, entered into a written agreement with defendant, Philadelphia Warwick Company, which operates the Warwick Hotel in Philadelphia. The contract provided for the installation by plaintiff on defendant's premises of a semi-public branch exchange system consisting of a switchboard and other equipment, for the use and maintenance of which defendant was to pay a monthly charge. Defendant, acting as plaintiff's agent, was to collect for it the established public telephone rate of ten cents for each local message from the hotel premises and the established charges for toll messages, and was to receive from plaintiff a commission of 60% of the gross receipts from local messages and 20% from toll messages, not to exceed 25 cents on any one message. The contract was to continue in force from month to month until terminated by ten days' notice in writing from either party to the other. It was not filed with the Pennsylvania Public Utility Commission, but plaintiff had on file with the Commission the tariffs specifying local and toll message rates.

Defendant, in conformity with the practice of other hotels, made and collected surcharges from its guests for telephone service; such surcharges were not provided for in the tariffs filed by plaintiff, and the Pennsylvania Public Utility Commission notified plaintiff that surcharges billed by hotels on telephone calls placed by guests over semi-public branch exchanges constituted a violation of its tariffs, and directed it to institute the necessary measures to compel a discontinuance of such practice. Plaintiff informed defendant of this order of the Commission, but apparently to no avail in spite of the fact that the Federal Communications Commission also held that the practice of hotels in making and collecting surcharges not provided for in plaintiff's filed tariffs was improper as to interstate calls over semi-public branch exchanges. On February 12, 1944, plain-

tiff gave defendant notice that their contract would be terminated at midnight February 23, 1944, notice on March 1, 1944, that plaintiff's filed tariffs provided for the collection of its established charges only and not for any surcharges by hotels, and notice on April 3, 1944, that plaintiff would, after April 15, 1944, make commission payments only to hotels which in writing had advised plaintiff of their compliance with the tariff provisions by discontinuing their practice of making surcharges. Defendant did not respond to these notices and, since February 23, 1944, no contract for the payment of commissions has been in force between the parties.

The present action is to recover the sum of $5,670.28, being an amount retained by defendant as commissions out of collections which it had made for toll messages from the telephone stations on its premises from April 15, 1944, to July 3, 1945. It is plaintiff's contention that during that period defendant was illegally collecting surcharges in addition to the rates in effect under the filed tariffs and that after the termination of the contract between the parties on February 24, 1944, defendant had no right to any commissions whatever.

After plaintiff filed its statement of claim defendant presented a petition under the Act of March 5, 1925, P. L. 23, challenging the jurisdiction of the court on the ground that the commissions properly payable to defendant and the contract between the parties in reference thereto entered into the question of rates,[1] that the subject involved in the suit was therefore within the exclusive jurisdiction of the Pennsylvania Public Utility Commission, that plaintiff should have filed with the Commission its contract with defendant[2] and subse--

---

[1] Public Utility Law of May 28, 1937, P. L. 1053, Art. I, Sec. 2 (19) ; Re Wisconsin Telephone Co., 1933 C. 479; Jefferson Hotel Co. v. Southwestern Bell Telephone Co., 15 P.U.R. (n.s.) 265; Re New York Telephone Co., 45 P.U.R. (n.s.) 409.

[2] Public Utility Law, Art. III, Sec. 302.

quently its cancellation of that contract,[3] and that, until the Commission had determined the portion of the collections to which plaintiff was entitled as diminished by proper compensation for defendant's services as plaintiff's agent, no suit to recover such collections could be brought in the Court of Common Pleas. The court upheld this contention and made absolute defendant's rule to show cause why the action should not be dismissed for lack of jurisdiction. From this order plaintiff appeals.

The ruling of the court was erroneous. We are not concerned here with the merits of the controversy. Plaintiff argues that the right of defendant to commissions was at all times a matter solely of contract between the parties and did not involve any determination of rates by the Public Utility Commission, that it was suing only to recover the amount due it under the schedule of the filed rates which were legally binding unless and until set aside or modified by the Commission,[4] that the Commission had power to prescribe rates prospectively only, not retroactively, and could not require it to file tariffs covering past periods,[5] and that it was incumbent upon the defendant to turn the collections over to plaintiff and if subsequently the Commission took any action giving support to defendant's claim the latter's remedy would then be by way of reparation.[6]

---

[3] Public Utility Law, Art. III, Sec. 308.

[4] *Suburban Water Co. v. Oakmont Borough*, 268 Pa. 243, 252, 110 A. 778, 781; *Bell Telephone Co. v. Deakyne*, 73 Pa. Superior Ct. 158; *Duquesne Light Co. v. The Public Service Commission*, 77 Pa. Superior Ct. 8, 14, 15; *Brown v. Pennsylvania Public Utility Commission*, 152 Pa. Superior Ct. 58, 62, 63, 31 A. 2d 435, 437; *Crancer v. Lowden,* 315 U.S. 631, 635; *Pennsylvania R. R. Co. v. Fox & London, Inc.*, 93 Fed. (2) 669.

[5] Public Utility Law, Art. III, Sec. 309; *Public Utilities Commission of Ohio v. United Fuel Gas Co.*, 317 U.S. 456, 464; *Chambersburg Gas Co. v. Public Service Commission*, 120 Pa. Superior Ct. 206, 213, 217, 182 A. 94, 96, 98.

[6] *Crancer v. Lowden*, 315 U.S. 631, 636; *Chambersburg Gas Co.*

Assuming, however, though without deciding, that defendant is right in its contention that its contract with plaintiff should have been filed by the latter, that the rate of commissions to which it was entitled had never actually been established or approved by the Commission, that plaintiff's cancellation of the contract had never been so approved, and that plaintiff could not recover in this action until such approval had been obtained, nevertheless the jurisdiction of the court over the present cause of action would not be affected by these considerations or any of them.

In *Lackawanna County v. James*, 296 Pa. 225, 145 A. 817, which was a suit by the county on official bonds of its treasurer to recover sums for which he should have accounted, he challenged the jurisdiction and contended that he could not be held to liability unless and until the amounts due by him had been ascertained on settlement of his accounts by the county controller. But it was held that the court had jurisdiction of the cause of action.

In *Skelton v. Lower Merion Township*, 298 Pa. 471, 148 A. 846, the treasurer of the township sued to recover from it moneys claimed to be due him as commissions on collections. The township insisted that no recovery could be had unless and until the claim had been submitted to and allowed by the township auditors, and accordingly it pleaded lack of jurisdiction. But the court said (p. 473, A. p. 846) : "Whether or not a plaintiff has averred sufficient facts in his statement of claim to entitle him to recover, is not a matter open for consideration under the statute. His failure so to do would not raise a question of jurisdiction of the cause of action, as those words are used in the statute, since they relate solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs." It is of interest to note that when this case was remanded

*v. Public Service Commission*, 120 Pa. Superior Ct. 206, 217, 182 A. 94, 98.

and pleadings were filed by the parties it was held (*Skelton v. Lower Merion Township*, 318 Pa. 356, 178 A. 387) that plaintiff was *not entitled to recover*, because he was obliged, as defendant had claimed, to have the amount of his commissions determined by the township auditors and their action was final.

In *Nippon Ki-Ito Kaisha, Ltd. v. Ewing-Thomas Corporation*, 313 Pa. 442, 170 A. 286, which was a suit to recover the purchase price of merchandise, the contract between the parties provided for arbitration in New York. It was held that the court had jurisdiction to decide whether or not the parties could be required to proceed to such arbitration; that it might ultimately determine it had no such power did not deprive it of jurisdiction over the cause of action.

In *Main Cleaners & Dyers, Inc. v. Columbia Super Cleaners, Inc.*, 332 Pa. 71, 2 A. 2d 750, it was held that, although the Act of June 2, 1937, P. L. 1198, provided that in any case involving a labor dispute the court should not have the power to issue injunctions, this did not deprive the court of jurisdiction over an action in which plaintiff was seeking to obtain such an injunction. The court had jurisdiction in general to grant injunctive relief and therefore could proceed to the determination of the cause although it might subsequently dismiss plaintiff's bill on the ground that it had no power to grant the relief sought in the particular case.

In *Zerbe Township School District v. Thomas*, 353 Pa. 162, 165, 44 A. 2d 566, 568, it was said: "Even if a plaintiff have no standing to bring his action, even if his statement of claim or bill in equity be demurrable, even if he fail to establish the allegations in his complaint, even if the court ultimately conclude that the relief he seeks should not be granted in whole or in part, not any or all of these circumstances would enter into, much less determine, the question whether the court has jurisdiction of the litigation".

In *Hellertown Borough Referendum Case*, 354 Pa. 255, 258, 259, 260, 47 A. 2d 273, 275, 276, it was said:

"In making this contention [that the court had no jurisdiction] appellant has fallen into error. He has confused the question of the *jurisdiction* of the court with plaintiff's *right to obtain the aid* of that court in his quest for what he deems to be his legal right. . . . Judges and lawyers sometimes erroneously use the words 'jurisdiction' and 'power' in relation to courts as interchangeable . . . That a court may ultimately decide that *under the facts pleaded or proved* it cannot grant the relief asked for does not constitute a renunciation on its part of its jurisdiction over the matter presented to it. Its jurisdiction is not limited to cases in which a good cause of action is presented. . . . Jurisdiction relates to the field of litigation in which a court has authority to adjudicate. Power refers to what a court can do in that field under a given set of circumstances."

In *Squire v. Fridenberg,* 126 Pa. Superior Ct. 508, 191 A. 631, the superintendent of banks of another state brought an action in the Municipal Court of Pennsylvania against a stockholder of a trust company of that state to recover an assessment which he had made on the company's stockholders. It was argued by defendant that plaintiff's right as statutory receiver of the bank to levy such an assessment had not been determined by the courts of that state and that, until that right had been so determined, no action would lie in this state; it was contended, therefore, that the Municipal Court had no jurisdiction. It was held that the question raised by defendant went to the right of plaintiff to recover on his cause of action and not to the matter of jurisdiction of the Municipal Court.

In *Matthews v. Plum Township and Plum Township School District,* 152 Pa. Superior Ct. 544, 33 A. 2d 38, the action was in trespass by the owner of real estate to recover damages caused by the construction of a public road. Defendants asked to have the action dismissed on the ground of want of jurisdiction because plaintiff's right of action should have been asserted in the Court of Quarter Sessions by petition for appoint-

ment of viewers, there not having been negligence in the construction of the road but the injury having necessarily resulted from the improvement itself. The court said (pp. 546, 547, A. p. 39) : "If the facts alleged in the petitions for dismissal are proved on the trial, they will probably prevent a recovery; but they are not of a character to deny plaintiff an opportunity to have his cause of action heard and determined."

These cases make it abundantly clear that where a plaintiff sues for moneys alleged to be due under a contract, or in trespass for damages, the court is not without jurisdiction over the subject-matter of the suit merely because the action of some other tribunal may be necessary to fix the amount due as a condition precedent to plaintiff's right of recovery. In the present case the only tribunal in which plaintiff can sue for the moneys it claims is the Court of Common Pleas; whatever the function of the Public Utility Commission to determine the reasonable and just amount of defendant's commissions that body cannot give relief to plaintiff by awarding him a judgment, followed, if necessary, by a writ of execution. The Public Utility Commission has no jurisdiction to entertain a proceeding by a public utility to recover its charges. If plaintiff is entitled to recovery in its present action it is for the Court of Common Pleas to say so; if it is not entitled it is likewise for that court so to declare. But, whether its ultimate conclusion in regard to that question be in favor of or against plaintiff, the Court of Common Pleas, and it alone, has jurisdiction over the cause of action here asserted.

Cases of the type relied upon by defendant [7] are all

---

[7] For example: *Bellevue Borough v. Ohio Valley Water Co.*, 245 Pa. 114, 91 A. 236; *New Brighton Borough v. New Brighton Water Co.*, 247 Pa. 232, 93 A. 327; *St. Clair Borough v. Tamaqua & Pottsville Electric Rwy. Co.*, 259 Pa. 462, 103 A. 287; *Klein-Logan Co. v. Duquesne Light Co.*, 261 Pa. 526, 104 A. 763; *Leiper v. Baltimore & Philadelphia R. R. Co.*, 262 Pa. 328, 105 A. 551; *Pittsburgh & Lake Erie R. R. Co. v. South Shore R. R. Co.*, 264 Pa. 162, 107 A. 680;

without point so far as the present question is concerned. They are cases in which the *plaintiffs* [8] were complaining of rates or regulations which were under the control of the Public Utility Commission and the redress they sought could be granted only by that body. In the present instance it is not *plaintiff* which is complaining of any rates or regulations; it is merely suing to recover moneys alleged to be due it and in the hands of defendant; it is *defendant* which is asserting that the rates as filed are not just or reasonable and that the Public Utility Commission should therefore be called upon to adjust and modify them. The Pennsylvania Hotels Association, of which defendant is a member, has made the same complaint to the Commission, in proceedings still pending, which defendant makes in the present action, and has prayed the Commission to determine the reasonable and proper rates, regulations and practices affecting the compensation for hotel telephone service for the period here in question and also for an order compelling plaintiff to adopt and recognize as a part of its tariffs for that period the same "division of the message rate for hotel service" which was in effect prior to April 15, 1944. It may be that the consideration of this complaint by the Commission will result in providing defendant with a defense in whole or in part to the present action and in a consequent total or partial defeat of plaintiff's claim, or its decision may form the basis of a claim for refund, but in no event can it impair or in any manner affect the question of the jurisdiction of the court over the present action.

The order is reversed with a procedendo.

---

*Metal Products Co. v. Beaver County Light Co.*, 74 Pa. Superior Ct. 59; *Hickey v. Philadelphia Electric Co.*, 122 Pa. Superior Ct. 213, 184 A. 553; *Brown v. Pennsylvania Public Utility Commission*, 152 Pa. Superior Ct. 58, 31 A. 2d 435.

[8] Except that in *Pittsburgh & Lake Erie R. R. Co. v. South Shore R. R. Co.*, 264 Pa. 162, 107 A. 680, it was a counter-claim of defendant which was relegated to the consideration of the Public Service Commission.