The question involved in this case is whether the court below has jurisdiction of the subject-matter of the suit, the question having been raised in limine by the defendants' petition under the Act of March 5, 1925, P. L. 23, 12 PS 672 et seq. The court held that it has jurisdiction and from that decree the defendants appeal.
The plaintiff is the Upholsterers' International Union of North America, an unincorporated association affiliated with the A. F. of L. The defendants are the United Furniture Workers of America, an unincorporated association affiliated with the C. I. O., certain of its officers and agents, the Barkeley Upholstering Corporation and the Don-Ess Upholstery Shop, Inc., and certain of the officers and employees of those companies. The plaintiff seeks by this suit in equity to enjoin the corporate defendants from breaching labor relations agreements, said by the bill of complaint to subsist between the corporations and the plaintiff, and to restrain certain other of the defendants from inducing the employer companies and their employees to breach the said agreements as well as from doing acts which would prevent the plaintiff and the employer corporations from carrying out the terms of the agreements.
According to the bill of complaint, formal agreements in writing were separately executed on October 15, 1946, by each of the corporate defendants, viz., Barkeley Upholstering Corporation and Don-Ess Upholstery Shop, Inc., and by the plaintiff union purporting to act *Page 471 
as the exclusive collective bargaining representative of all non-supervisory employees of each of the defendant companies at their respective plants located on adjoining properties in Easton, Pa. As the bill further recites, the plaintiff union's designation as such collective bargaining representative was by virtue of written authorizations signed by ninety of the ninety-one non-supervisory employees of the defendant companies.
The alleged wrongful acts committed by the defendant employers, whereof the bill complains, consist of an attempted or threatened breach of the above-mentioned labor relations agreements by each of said defendant companies which had notified the plaintiff union of the necessity of their breaching the said agreements and of signing and executing new labor relations agreements with the defendant union. The analogous acts committed by the defendant union, its officers and agents, as averred by the bill, consist of the invasion, intimidation and coercion of the plaintiff's members in the defendant companies' plants in an effort to effect their withdrawal from the plaintiff union and their subsequent affiliation with the defendant union and, further, the unlawful intimidation of the defendant corporations in an effort to induce them, by threats of strikes and "slow-downs", to repudiate their contracts with the plaintiff and to recognize the defendant union as the sole lawful collective bargaining representative of their employees. The plaintiff also avers that the defendant union has, in fact, succeeded to an extent in its wrongful purposes by causing certain of the plaintiff's members to transfer their allegiances to the defendant union and by causing them to remain away from work in violation of the plaintiff's agreements with the defendant employers as well as in making it virtually impossible for the parties signatory to the labor relations agreements of October 14, 1946, to carry out their terms fully and in good faith. *Page 472 
The plaintiff filed the bill of complaint, as above summarized, on November 6, 1946, and a rule was then granted on the defendants to show cause why a preliminary injunction should not issue. The bill was served on the corporate defendants on November 7, 1946, and, on the same day service thereof was accepted in behalf of the defendant union, its officers and agents. On November 14, 1946, the defendant union filed with the National Labor Relations Board charges of unfair labor practices, alleging, inter alia, that the procurement and execution of the plaintiff's labor relations agreements with the Barkeley Upholstering Corporation and the Don-Ess Upholstery Shop, Inc., were the result of unfair labor practices by the defendant companies and that said agreements were, therefore, void and of no legal effect. On the following day, to wit, November 15th, the defendant union filed its petition in the court below questioning the court's jurisdiction of the subject-matter of the suit. A rule to show cause was granted on the petition. Several days later (November 18th) the plaintiff moved to strike off the petition, the court treating the motion as the plaintiff's answer to the petition. After argument, the learned court below dismissed the defendant union's petition, challenging the jurisdiction, and directed the defendants to file an answer to the plaintiff's bill of complaint within a time specified. From that decree the defendant union has appealed.
The procedure prescribed by the Act of 1925 for testing jurisdiction "in the court of first instance" applies to questions of jurisdiction either of the defendant or of the subject-matter: Welser v. Ealer, 317 Pa. 182, 184, 176 A. 429. In the present instance, the question involved goes to the jurisdiction of the cause of action (whereon the suit was instituted) which ". . . relates 'solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs': Skelton v. Lower Merion Twp., 298 Pa. 471, 473. See *Page 473 
also Koontz v. Messer, 314 Pa. 434": Welser v. Ealer, supra, at p. 184. A court has jurisdiction of subject-matter if it is empowered to enter upon an inquiry for the competent hearing and determination of a controversy of such character. That a court may, in view of facts pleaded or proven, be unable ultimately to grant the relief sought does not necessarily determine that it is without jurisdiction of the subject-matter: Zerbe Township School District et al. v. Thomaset al. 353 Pa. 162, 44 A.2d 566; Hellertown Borough ReferendumCase, 354 Pa. 255, 47 A.2d 273. The thing of chief importance on a question of jurisdiction of subject-matter is not whether the plaintiff may recover in the particular forum on the cause of action pleaded but whether the court is empowered to hear and determine a controversy of the character involved: Matthewsv. Plum Township, etc., 152 Pa. Super. 544, 546-547,33 A.2d 38.
Accepting as true the averments of the bill of complaint, as we necessarily must for the purposes of the present limited inquiry, we think it is clear that the court has jurisdiction of the cause of action pleaded in the complaint. Therein the plaintiff avers valid and subsisting contracts which the corporate defendants have breached and are threatening to breach and which other of the defendants, including the defendant union, have induced and continue to induce the corporate defendants to breach and third persons to violate. Without more, it is settled for this State that a court of equity has jurisdiction of such a complaint: Sun Ship EmployeesAssociation, Inc. v. Industrial Union of Marine andShipbuilding Workers of America, Local No. 2, C. I. O., 351 Pa. 84, 40 A.2d 413. The instant case is clearly one of a general class over which a court of equity has jurisdiction, i. e., wrongful breaches of valid and subsisting contracts whose value lies in the maintenance of the relationships which they establish and for whose breach money damages would not afford adequate compensation. *Page 474 
Throughout, the appellant's argument emphasizes, as the reason for the asserted lack of jurisdiction, the court's alleged incompetence to make certain determinations with respect to labor disputes, such as the defendant union's petition avers are here involved and over which the National Labor Relations Board has sole and exclusive jurisdiction. The inefficacy of that argument at this stage of the proceeding is apparent. As already stated, the fact that the court may ultimately be unable to grant the relief sought is immaterial to a preliminary determination as to the jurisdiction of the court. The pertinency of that statement is all the more evident when it is borne in mind that the National Labor Relations Board's interposition with respect to differences between the plaintiff and the defendants was not sought by the defendant union until after the court's jurisdiction had been duly invoked by the plaintiff. If the court's jurisdiction existed then, and we think it did, procedurally it could not be made to vanish by what the defendant union subsequently did.
As the defendant union's petition challenging the jurisdiction directly questions the validity of the pleaded contracts, whose validity for present purposes must be assumed, the matters so averred by the defendant union's petition are of the extraneous character which we may not consider in determining in limine the question of the court's jurisdiction: see Rutherford Water Co. v. Harrisburg, 297 Pa. 33, 36,146 A. 113. The petition in the instant case having thus transgressed the permissible limits of challenging averments upon a test of jurisdiction under the Act of 1925, it is unnecessary for us to consider to what extent new or additional facts in support of the denial of jurisdiction may be brought upon the record by the petition, answer and depositions authorized by sections 1 and 2 of the Act of 1925 (12 PS 672, 673). Compare Squire v.Fridenberg, 126 Pa. Super. 508, 513, 191 A. 631, with *Page 475 Hickey v. Philadelphia Electric Company, 122 Pa. Super. 213,214, 184 A. 553. In a footnote in the latter case, the late President Judge KELLER recognized that ". . . the Act of 1925 contemplates the filing of a petition, the granting of a rule, the filing of an answer, and the taking of depositions, if required to establish facts averred in the petition or answer".
The decree of the court below is affirmed at the appellant's costs.