**Robert P. GASPARRO, Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 27, 2002.
Decided Jan. 15, 2003.

---

Robert P. Gasparro, petitioner, pro se.

Shane Rooney, Harrisburg, for respondent.

Henri P. Marcial, Philadelphia, for intervenor, PECO Energy Co.

BEFORE PELLEGRINI, J., LEAVITT, J., and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

Robert P. Gasparro (Gasparro) petitions for review of an adjudication of the Pennsylvania Public Utility Commission (PUC) that ordered Gasparro and PECO Energy Company (PECO) to arrange for the installation of an automatic meter reading device and to do actual meter readings. It refused, however, to order a payment plan on a PECO judgment against Gasparro in the amount of $6,902.97 for electric utility services. We affirm the PUC.

Gasparro owns a three-story building with six dwelling units; Gasparro occupied the first floor and tenants occupied the second and third floors.[1] However, since

1. In his exceptions to the ALJ's Initial Deci- sion, Gasparro challenged this factual finding.

1995 there have been no tenants living in the building because the neighborhood is not safe.[2] There are three electric meters located in the basement.

In 1997, PECO sued Gasparro in the Philadelphia Municipal Court (Municipal Court) for an unpaid balance on electric utility services rendered to his building. On July 9, 1997, the Municipal Court entered default judgment against Gasparro in the amount of $6,902.97.

On May 29, 2001, Gasparro filed a complaint with the PUC against PECO alleging that PECO had not read his meters in over four years and this failure had resulted in inflated electric bills. Gasparro requested the PUC to order PECO to take an actual meter reading and, if it showed that he owed PECO any money, to set up a payment plan.

On June 21, 2001, PECO filed an answer, stating that it had attempted to take actual meter readings each month but that access to Gasparro's building was not given. PECO also stated that Gasparro's account balance, excluding the amount in dispute in Municipal Court, was $291.72, as of the date of the answer. This account balance was estimated because PECO had not been able to enter the building to read the meter.

On October 1, 2001, the PUC conducted a hearing at which PECO was represented by counsel and Gasparro, an attorney, appeared *pro se*. The administrative law judge (ALJ) concluded that the PUC did not have jurisdiction over the $6,902.77 judgment because an action on a debt belongs in a court of general jurisdiction. The PUC's jurisdiction is over utility rates, services or facilities. ALJ Initial Decision, 4. However, the ALJ directed the parties to appoint a time for a meter reading to determine the accuracy of the $252.12 bill and ordered installation of an automatic meter reading device on Gasparro's property.

Gasparro filed exceptions[3] to the ALJ's Initial Decision, but they were denied. The PUC reasoned that Gasparro failed to provide any evidence to support the need for a payment plan on the $252.12 bill. Further, the PUC concluded that it did not have jurisdiction over the $6,902.77 judgment, stating that "an action for the collection of a debt initiated by a utility against one of its ratepayers lies not with the Commission, but with a court of general jurisdiction." PUC Opinion, 5. Gasparro then petitioned this Court for review of the PUC's adjudication.

On appeal, Gasparro challenges the PUC's legal conclusion that it lacked juris-

---

Gasparro claimed that one tenant lived in the first floor and the second floors are vacant except for tenants who stay for one or two days. Gasparro Exceptions, 2. However, this factual finding is irrelevant to the final resolution of this case.

**2.** There is one person who comes into the building and stays for a few hours a day to see if anyone wants to rent a room for a few days.

**3.** PECO also filed exceptions to the ALJ's decision to exclude certain business records offered by PECO to document its efforts to read the meters at Gasparro's property and to install an automatic meter reading device. The ALJ refused to admit the documents for the stated reason that a senior level manager of

PECO was not the appropriate individual to authenticate these business records. The PUC admitted the documents, noting that the actual custodian is not required for proper authentication; rather, a witness with adequate knowledge of the company's record keeping procedures is appropriate under the Pennsylvania Rules of Evidence, Rule 803(6). PUC Opinion and Order at 7–8. Of course, as correctly noted by the PUC, the "technical" rules of evidence do not limit administrative hearings, where all relevant evidence of reasonably probative value is admissible.

The admissibility of PECO's business records is not an issue in this appeal.

diction over the $6,902.97 judgment, collection of which was pending in the Municipal Court. Gasparro alleges that the meter readings that led to that judgment may not have been accurate, and PECO's failure to test its meter is a matter within the PUC's jurisdiction. Gasparro also contends that because PECO sent him a notice of termination of service, the PUC's jurisdiction is implicated. We disagree.[4]

■ The PUC is a creature of statute and may exercise only those powers that are expressly conferred upon it by the legislature. *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 383 A.2d 791 (1978). The PUC has exclusive jurisdiction over matters involving the reasonableness, adequacy and sufficiency of services rendered. *Bell Telephone Company of Pennsylvania v. Sanner*, 248 Pa.Super. 273, 375 A.2d 93 (1977); *Behrend v. Bell Telephone Co. of Pennsylvania*, 431 Pa. 63, 243 A.2d 346 (1968). However, the Public Utilities Code, 66 Pa.C.S. §§ 101–3316, does not grant the PUC the authority to review the merits of judgment entered on a contract claim.

■ Relying on *Bell Telephone Co. v. Philadelphia Warwick Co.*, 355 Pa. 637, 50 A.2d 684 (1947), Gasparro argues that the PUC is the proper body to hear complaints involving rates or adherence to PUC regulations. This reliance is misplaced because the holding makes it clear that the PUC lacks jurisdiction to entertain a proceeding by a public utility to recover payment for its services. *Philadelphia Warwick Co.*, 355 Pa. at 644, 50 A.2d at 688. Gasparro's complaint that PECO's charges were based on estimated readings rather than actual readings should have been raised with the PUC *prior* to the entry of the default judgment.[5] If Gasparro had raised these claims prior to the entry of the judgment in the amount of $6,902.97, then the PUC could have reviewed the underlying facts[6] to determine whether over-billing occurred. *See Pennsylvania Electric Co. v. Public Utility Commission*, 81 Pa. Cmwlth. 285, 473 A.2d 704 (1984). At this point, however, PECO is moving to collect on its judgment, an issue over which the PUC does not have jurisdiction. The PUC's holding in this regard was correct.

■ Gasparro's contention that PECO invoked the PUC's jurisdiction by sending him a termination notice contention also lacks merit. With respect to termination notices, the applicable regulation provides as follows:

A utility may not mail or deliver a notice of termination *if a notice of dispute has been filed and is unresolved* and if the subject matter of the dispute forms the grounds for the proposed termination. A notice mailed or delivered in contravention of this section is void.

April 17, 2002. (PUC's Brief, 3). Thus, Gasparro no longer has the ability to contest the merits of the bill; the controversy between the parties is merely an action by PECO to collect a debt.

---

4. Our scope of review of a decision of the PUC is to determine whether constitutional rights have been violated or an error of law committed, and whether the PUC's findings are unsupported by substantial evidence in the record. *Poorbaugh v. Public Utility Commission*, 666 A.2d 744 (Pa.Cmwlth.1995).

5. The ALJ's Initial Decision indicates that Gasparro has moved to open the default judgment in the Philadelphia Court of Common Pleas and that hearings were scheduled. ALJ's Opinion, 4. PUC's brief indicates that the Philadelphia Court of Common Pleas denied a petition to open default judgment on

6. In addition, the PUC found that the majority of the billing so far has been based on estimates because PECO did not have access to Gasparro's property to conduct actual meter readings. With so few readings to examine, the PUC could not consider the accuracy of them. PUC Opinion, 5–6.

52 Pa.Code § 56.92 (emphasis added). PECO sent the termination notice to Gasparro on April 3, 2001, and Gasparro filed his complaint on May 29, 2001, over a month later. Accordingly, PECO did not violate the PUC's regulation at 52 Pa.Code § 56.92, which prohibits a utility from sending a termination notice after a notice of dispute has been filed.

For these reasons, we affirm the adjudication of the PUC.

## ORDER

AND NOW, this 15th day of January, 2003, the Opinion and Order of the Pennsylvania Utility Commission dated April 22, 2002, in the above-captioned matter, is hereby affirmed.