## Rouzerville Water Company v. Peters

*LeRoy S. Maxwell*, for plaintiff.

*Millard A. Ullman*, for defendant.

WINGERD, P. J., August 2, 1950.—Plaintiff, Rouzerville Water Company, a public utility, filed its complaint in assumpsit against defendant to recover certain flat rate charges for water furnished defendant between July 1, 1943, and July 1, 1949. Defendant filed an answer containing new matter which alleged, inter alia, "That the water service provided by plaintiff to defendant during the period July 1, 1943, and July 1, 1949, has been defective and in the breach of plaintiff's obligation to provide water to defendant, in that the same frequently was discolored and unusable and further was shut off for periods of time without notice and further was of insufficient pressure for practical household use."

Plaintiff filed preliminary objections to defendant's new matter setting forth that certain consumers of plaintiff had filed a complaint before the Pennsylvania Public Utility Commission on October 21, 1949, alleging that the service provided them by plaintiff is deficient, "in that there is a serious and at times total lack of water pressure, that the water provided by the respondent is dirty, rusty and unusable, that water is turned off for long periods of time without any notice and that the service in general is unsatisfactory"; that a hearing was held on the complaint before an examiner of the Pennsylvania Public Utility Commission on December 8, 1949, and that no decision has been rendered or an order made by the Pennsylvania Public Utility Commission, and that the whole matter is within the jurisdiction of the Pennsylvania Public Utility Commission, and "That this court is without jurisdiction to entertain as an affirmative defense a claim of deficiency in service." The preliminary objections pray that an order be made striking from defendant's answer the new matter.

Plaintiff in support of its contention cites a number of Pennsylvania cases, to wit: Klein-Logan Co. v. Duquesne Light Company, 261 Pa. 526 (1918); Bellevue Borough v. The Ohio Valley Water Company, 245 Pa. 114 (1914), and St. Clair Borough v. Tamaqua & Pottsville Electric Railway Co. et al., 259 Pa. 462 (1918).

They hold generally, as stated in St. Clair Borough v. Tamaqua & Pottsville Electric Ry. Co. et al., 259 Pa. 462 (1918) on page 468:

"Since the Public Service Company Law has been upon our books, we have consistently adhered to the rule that matters within the jurisdiction of the commission must first be determined by it, in every instance, before the courts will adjudge any phase of the controversy . . . ; and it is plain that orderly

procedure requires an adherence to this practice, otherwise different phases of the same case might be pending before the commission and the courts at one time, which would cause endless confusion. Under the established system, the commission, in the first instance, passes upon all changes of rates made by public service corporations, subject to a proper and well regulated review by the courts, where and when all questions of law may be raised and determined; and 'this is so not because the courts have any desire to avoid the performance of duties cast upon them by the law, but because the people, speaking through the legislature, have declared that these duties shall be performed by a special tribunal created for the purpose. The disposition everywhere is to commit questions, relating to the regulation and to the rates of public service corporations, to the supervisory powers of special tribunals, and, concededly, matters of this character are within the domain of legislative action': Bellevue Borough v. The Ohio Valley Water Co., supra, p. 118; see also York Water Company v. York, 250 Pa. 115, 118."

An inspection of these cases discloses that in the Klein-Logan Company case the question involved was the termination of a contract with a public utility defendant to furnish electricity to plaintiff at certain specified rates; the Bellevue Borough case involved a suit in equity brought by the borough to enjoin a water company from increasing its rate above the schedule specified by a contract between them, and the St. Clair Borough case involved a bill in equity brought by the borough against a street railway company to enjoin it from charging more than a certain fare on the ground that a proposed increase of fare was unreasonable and that a contract existed between it and the borough under which it was prohibited from charging a higher rate. At issue in all of these cases is whether or not certain rates charged by a public utility could

properly be increased or whether the rate charged was unreasonable. They are all actions brought by a consumer against a public utility in reference to its rates. The law is clear that actions brought by a consumer complaining of rates charged or of service rendered must be brought in the first instance before the Public Utility Commission.

In the instant case we have the public utility company bringing an action in assumpsit against the consumer to recover certain rates charged by it in its rate schedule for providing the consumer with certain service. The court of common pleas clearly has jurisdiction of an action of assumpsit. The consumer is merely defending against the claim of the public utility company and, as part of his defense, states that the public utility company has not furnished the service for which the public utility is attempting to recover compensation, in that the public utility company did not furnish water for part of the time covered by the rates and furnished water which was not usable. Between every public utility company and a consumer thereof there is a contract that the public utility will provide reasonable service of the character involved, and that the consumer will pay for such service the established or filed rates of the public utility. The consumer should not be bound to pay the rates unless the service contemplated is furnished. Although this court may not have power in the trial of the instant case to determine whether or not the allegations set up as a defense by defendant consumer in its new matter are in fact correct, it is not without jurisdiction to entertain such defense even though it be true that some other tribunal must primarily determine whether or not such allegations are, in fact, correct.

In Bell Telephone Company of Pennsylvania v. Philadelphia Warwick Company, 355 Pa. 637, the Supreme

Court held, referring to a number of cases analyzed in its opinion by Justice Stern:

"These cases make it abundantly clear that where a plaintiff sues for moneys alleged to be due under a contract, or in trespass for damages, the court is not without jurisdiction over the subject-matter of the suit merely because the action of some other tribunal may be necessary to fix the amount due as a condition precedent to plaintiff's right of recovery. In the present case the only tribunal in which plaintiff can sue for the moneys it claims is the Court of Common Pleas; whatever the function of the Public Utility Commission to determine the reasonable and just amount of defendant's commissions that body cannot give relief to plaintiff by awarding him a judgment, followed, if necessary, by a writ of execution. The Public Utility Commission has no jurisdiction to entertain a proceeding by a public utility to recover its charges. If plaintiff is entitled to recovery in its present action it is for the Court of Common Pleas to say so; if it is not entitled it is likewise for that court so to declare. But, whether its ultimate conclusion in regard to that question be in favor of or against plaintiff, the Court of Common Pleas, and it alone, has jurisdiction over the cause of action here asserted.

"Cases of the type relied upon by defendant are all without point so far as the present question is concerned. They are cases in which the *plaintiffs* were complaining of rates or regulations which were under the control of the Public Utility Commission and the redress they sought could be granted only by that body. In the present instance it is not plaintiff which is complaining of any rates or regulations; it is merely suing to recover moneys alleged to be due it and in the hands of defendant; it is defendant which is asserting that the rates as filed are not just or reasonable and that

the Public Utility Commission should therefore be called upon to adjust and modify them. The Pennsylvania Hotels Association, of which defendant is a member, has made the same complaint to the Commission, in proceedings still pending, which defendant makes in the present action, and has prayed the Commission to determine the reasonable and proper rates, regulations and practices affecting the compensation for hotel telephone service for the period here in question and also for an order compelling plaintiff to adopt and recognize as a part of its tariffs for that period the same 'division of the message rate for hotel service' which was in effect prior to April 15, 1944. It may be that the consideration of this complaint by the Commission will result in providing defendant with a defense in whole or in part to the present action and in a consequent total or partial defeat of plaintiff's claim, or its decision may form the basis of a claim for refund, but in no event can it impair or in any manner affect the question of the jurisdiction of the court over the present action."

In the instant case the pleadings show that a complaint concerning the very defects in the service of plaintiff set forth in defendant's new matter is now before the commission even though the question raised in defendant's new matter may be only determinable in the first instance by the Public Utility Commission, nevertheless, as we have said, the jurisdiction of the court to entertain it is not thereby ousted, and it may be that, when this case is tried, by reason of the decision of the Public Utility Commission, the new matter may constitute a good defense. If the court struck the new matter from the answer defendant's position might very well be improperly prejudiced. This court has jurisdiction of the whole proceeding, including the new matter in defendant's answer which had been objected to, even though it may not have the

power to hear evidence concerning such new matter unless the issue involved therein has been determined by the Public Utility Commission. Certainly, at this time, it would be wholly improper to strike out the new matter objected to. Therefore, the preliminary objections of plaintiff to the new matter contained in defendant's answer are overruled.

Now, August 2, 1950, the preliminary objections filed by plaintiff to the new matter contained in defendant's answer are overruled, and plaintiff is given 20 days in which to file a reply to such new matter if it so desires.