## Greenville Borough *v.* Guerrini et al., Appellants.

Argued April 13, 1966. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WATKINS, J., absent).

*Robert F. Banks,* for appellants.

*Michael Halliday,* for appellee.

OPINION BY JACOBS, J., June 17, 1966 :

In this appeal we are asked to declare the Greenville Borough Sewer Rental Ordinance invalid on the ground that it unreasonably discriminates against owners of apartment houses.

The Borough of Greenville caused a scire facias sur municipal lien to issue against the defendants to collect an unpaid assessment for sewer services. By agree-

ment of counsel, the case was heard by a judge without a jury, who found for the Borough. The facts are essentially undisputed.

Under Section I of Ordinance No. 736 of the Borough of Greenville, adopted January 24, 1958, the Borough provided for the furnishing of sewage service to the residents of Greenville and imposed a sewer rental upon owners at the rate of 115% (later reduced to 100%) of the amount of water consumed by the respective properties when the water was furnished by the Municipal Authority of Greenville. For those having a source of water other than the supply of the Authority, the ordinance, in Section III, established three classes of users of the sewage system, with the sewer rental or charge depending on the class, as follows:

"(a) Restaurants, cafes, hotels, clubs, rooming houses, public garages, filling stations, laundries, ice cream and/or soda dispensers, dairies, dental offices and all users of the sanitary sewer system having water cooled refrigeration and/or air conditioning systems shall install water meters on their source of water, which meters shall be subject to approval by the Borough, and shall pay a sewer rental or charge on the basis of the meter readings at the same rate as is provided under Section I hereof.

"(b) Industrial plants and establishments. . .[1]

"(c) Domestic users shall make application to the Council for approval to pay a sewer rental or charge by one of the following methods, viz.:

"(1) The user shall install a water meter on his source of water, which meter shall be subject to approval by the Borough, and shall pay a sewer rental or charge on the basis of the meter readings at the same rate as is provided under Section I hereof, or

"(2) The user shall pay quarterly sewer rental of $11.50."

---

[1] Not applicable in this case.

Appellants owned an apartment house converted from an old eleven-room dwelling and had their own source of water. It contained one three-room apartment and bathroom and one two-room apartment and bathroom on each of the two floors. During the period for which the $736 sewer rental herein involved accrued, i.e., January 1, 1958 to January 1, 1962, the four apartments were occupied by varying numbers of people, families with children as well as individuals. Twelve persons was the highest number who lived in all four apartments at any one time while the average number was seven.

The Borough classified each apartment as a domestic user and, since the appellants declined to install a meter or meters, charged them a flat quarterly rate of $11.50 for each apartment.[2]

Appellants, while not arguing here that their building was a rooming house, contend that the entire building is essentially one unit and that they should only be required to install one water meter upon the property and pay for sewer rental on that basis, as do rooming houses and hotels.

The ordinance in question was adopted pursuant to the Act of May 4, 1927, P. L. 519, §2170, as amended, 53 P.S. §47170 et seq. The Act provides that when a Borough has constructed a sewer system, it may provide by ordinance for the collection of an annual rental or charge for its use from the owner of the property served by it, and then states:

---

[2] A Borough regulation provides: "Where conditions make it difficult to install separate meters for each Consumer, or if the owner desires, a single meter will be installed and a minimum charge will be made for each Consumer. If such an arrangement is not satisfactory to all parties concerned, separate meters will be installed after the Consumer has arranged the piping in the building so that each Consumer can be furnished service through a separate meter."

"The said annual or fixed sum shall be apportioned equitably among the several properties served by the said sewers, sewer system or sewage treatment works." 53 P.S. §47171.

In apportioning its charges, the Borough of Greenville legislated three classes of users in Section III of its ordinance, as quoted above. Appellants contend that "there is no reasonable basis for discriminating against owners of apartment houses while correlatively granting favored treatment to owners of rooming houses and hotels."

In asserting the unconstitutionality of the ordinance, appellants undertake a heavy burden. First of all, there is the presumption of the constitutional validity of an act of the legislature which is equally applicable to a borough ordinance. A legislative enactment can be declared void only when it violates the fundamental law clearly, palpably and plainly. *Bilbar Construction Co. v. Easttown Township Board of Adjustment,* 393 Pa. 62, 141 A. 2d 851 (1958); *Daly v. Hemphill,* 411 Pa. 263, 191 A. 2d 835 (1963). Secondly, appellants' burden is increased by the fact that the Supreme Court has held that the term "equitably" as used in the enabling act confers discretion upon a borough council in defining classes of users and the rates payable by any class. *Gericke v. Philadelphia,* 353 Pa. 60, 44 A. 2d 233 (1945). This court has said, "The meaning of the phrase 'equitably apportioned' is a practical one, arrived at in view of the impossibility of fixing an equal charge for equal service in the widely varying properties within a municipality." *Hickory Township v. Brockway,* 201 Pa. Superior Ct. 260, 270, 192 A. 2d 231 (1963).

Appellants failed to meet this burden. The meager record does not indicate any abuse of discretion in the classification the Borough adopted. As a matter of fact, the only expert testifying said that it was the

normal procedure in municipalities to bill for sewer services on the basis of each dwelling unit which is usually defined as one having culinary and/or sanitary facilities. It was the judgment of this municipality, considering the nature, size, and additional kitchen and sanitary facilities of apartments as opposed to the normal one-room accommodations found in hotels and rooming houses, that apartment units should be treated like other dwelling units. We see no arbitrariness or unreasonableness in this legislative judgment. This court sustained separate water rates for separate apartment units in *Brown v. Pennsylvania Public Utility Commission,* 152 Pa. Superior Ct. 58, 31 A. 2d 435 (1943), thus approving the type of classification by consumer units found in this case. Seeing no constitutional infirmity in the legislative judgment not to include apartment houses in a class with rooming houses and hotels and hearing no complaint that there is any discrimination within the class of apartment houses, we must reject appellants' argument. See *Hickory Township v. Brockway,* supra.

Appellants argue that the court below should have fixed a lower sewer rental for the period involved and thus reduced the claim. This argument, based upon their contention that apartments must be classified with rooming houses and hotels and charged similarly for sewer services, falls with that contention.

Judgment affirmed.