## Bucks County Water and Sewer Authority v. Robin

*Howard T. Gathright,* for Commonwealth.

*Carl L. Lindsay, Jr.,* for defendant.

GARB, J., June 4, 1971.—We have before us a question of extremely narrow dimension. The question is whether the Bucks County Water and Sewer Authority, plaintiff herein, may charge sewer rental upon two shops located and situate within a common building, housing in all three shops and one apartment,

where the two shops in question have no water or sewer facilities located therein. Defendant is the owner of the structure housing the aforesaid four units located and situate in the Borough of New Hope, this county. The apartment unit and one shop have, at all times relevant hereto, contained water and sewer facilities, and the sewer rent charged for them is not contested herein. One of the two shops has had installed water and sewer facilities at some time subsequent to the date on which the sewer facilities in the borough became operative, and the sewer rental chargeable from that date to the present is likewise uncontested. The matter comes before us as the result of a municipal lien imposed upon the property of defendant by plaintiff and a trial without a jury before the undersigned.

It is agreed by both parties that the sewer rental attributable to each shop by virtue of the appropriate resolution of plaintiff is $120 per annum. It is likewise agreed that the sewer rental attributable to the apartment is $75 per annum. Both parties likewise agree that no sewer rental for any of the units has been paid since October 1, 1966, to the present. It is further agreed that water and sewer facilities were installed in the second of the three shops on May 1, 1970, and defendant agrees that sewer rental is attributable to that shop since May 1, 1970. Therefore, the question for determination is whether defendant is liable to pay sewer rental for one shop at the rate of $120 per annum from October 1, 1966, to the present and sewer rental for a second shop at the same rate from October 1, 1966, to May 1, 1970. We conclude that he is not.

We are not called upon to determine herein the reasonableness of the rates imposed by plaintiff. It is clear that flat rates for each building unit in the sewer system is a permissible method of charging for sewer services. The charge made must be reasonably propor-

tionate not to the use made of the system, but to the value of the service rendered: Hickory Township v. Brockway, et al., 201 Pa. Superior Ct. 260 (1963). Likewise, the fact that the owner of a property is the sole contracting party with the sewer authority or the municipality is not controlling in determining whether the consumer is entitled to a rate based on a single unit. The use made of the property is an important factor to be considered in determining the proper applicable rates: Brown v. Pennsylvania Public Utility Commission, 152 Pa. Superior Ct. 58 (1943).

Sewers are owned by municipalities in their proprietary and not governmental capacity. The construction of a sewer system is in the nature of a private enterprise. The municipality stands in the same footing as a private corporation and is entitled on the same basis to be compensated for its services. The charges are not taxes nor substitutes for taxes but charges made, without discrimination, for service rendered. They are simply charges for a commodity sold as any other commodity: Hamilton's Appeal, 340 Pa. 17 (1940), and Holt v. Brookhaven Borough, 50 D. & C. 2d 211 (1970).

The foregoing principles run consistently through all of the cases we have found and those cited by counsel. While we have found no cases directly on point with the facts before us, and while all are distinguishable from our present factual situation in some respects, there is a consistency which runs through all of them. The point of agreement is that, in order for a sewer rent charge to be upheld, it must have a reasonable relationship to the value of the service rendered either as actually consumed by the property owner or as readily available for his use. In Gericke et al. v. Philadelphia et al., 353 Pa. 60 (1945), it was held that if the sewer service is not available for use by a property

owner who should use it, he should not be charged therefor. In Hickory Township v. Brockway, supra, it was held that a homeowner cannot complain because he pays sewer rental while his dwelling is vacant, albeit at a time when his property is hooked in to the sewer system. However, the court therein held that this is not the equivalent of a charge for the use of a sewer on a property not connected with the sewer.

We believe that Hamilton's Appeal, supra, is the clearest explication of this doctrine. There, the sewer rental rate was fixed at a percentage of the assessed valuation of the property regardless of whether the property was vacant or improved land, occupied or not. The court therein held that the sewer rent was in the nature of a tax and not really a charge for service rendered as it was not related to any reasonable use of the facility. While the fact that the sewer rental was pegged to real estate assessment may indicate a significantly distinguishable feature, we do not believe that that factor was the basis upon which the court found the sewer rental to be a tax. The court therein recognized that there are two bases upon which a charge can be levied upon the installation of a sewer system. A municipality may level a special assessment for the construction of the sewer system itself on the theory that this enhances the value of all abutting properties. In the alternative,* the municipality may elect to levy a special assessment for use of the sewer and the amount of assessment must be in proportion to the value of the use. In the former case, the value of the particular benefits must be measured by the difference between the value of the property with and without available sewers. In the latter case, and as germane herein, the limit of the special assessment is the value of the peculiar benefits accruing to the abutting land-

* And perhaps in addition to.

owner from actual use of the sewer, as distinguished from the privilege of using. Where it is the latter, the court in Hamilton's Appeal, supra, held that where it is imposed without any regard whatever to the extent or value of the use made of the sewer facilities, or whether any use is made, the charge provided for by the ordinance is, in legal effect, undoubtedly a tax, and the obligation to pay it could be created only by the municipality's exercise of its general taxing power. Therefore, we construe Hamilton's Appeal, supra, to mean that where the sewer charges are made without any reasonable relationship to the extent of the use by the property owner, it is in the nature of a tax and beyond the powers of the municipality to impose for this purpose.

This principle was further elaborated in North East Borough Appeal, 191 Pa. Superior Ct. 532 (1960). In that case, the borough fixed its sewer charges at 20 percent of the water consumed by the property owner. The appellee, an industrial user, was not permitted to discharge its industrial wastes into the sewer system but, notwithstanding, was assessed at 20 percent of all of its water consumed. The court held that it was improper to assess sewer rental based upon the total amount of water consumed where the property owner was not afforded full usage of the sewer system and that the proper method of assessment should have been on a percentage of water consumed which was, in fact, discharged into the sewer system. This was based upon the principle that in most cases there is a direct relationship between the amount of water consumed and the amount of discharge into the sewer system. The court held, therein, that to permit the borough to assess sewer rental on the basis upon which it purported to do so, there would be no relation to actual use and it would, therefore, be a tax. In the North East

Borough Appeal case there was no effort on the part of the borough to relate sewer rental to the assessed valuation of the property. Rather, sewer rental was based upon water consumption which has long been recognized as an appropriate standard. Notwithstanding the fact that the standard of calculation of sewer rental in general was correct, the court held that the result as applied to appellee therein was a tax because there was no reasonable relationship between charges made and the actual user of the sewer system.

We do not believe that Greenville Borough v. Guerrini et al., 208 Pa. Superior Ct. 42 (1966), derogates from this result. There it was held that it was not an abuse of discretion for the borough to classify each separate apartment within a single structure as a separate dwelling unit for the purpose of assessing sewer rental charges. Therein, the borough made a distinction between separate apartment units within one structure and rooming houses or hotels wherein different occupants rented or used separate individual rooms. The court held that there was a reasonable relationship between the system of sewer charges and the amount of use by the occupants of the individual structure in each separate case.

For the foregoing reasons, we have determined that it is inappropriate to charge sewer rental upon those shops where there are no water or sewer facilities and therefore make no use of the sewer system at all. Therefore, there should be no charge for sewer rental for one shop from October 1, 1966, to present and for a second shop from October 1, 1966, until May 1, 1970. Accordingly, the verdict will be entered for sewer rental for the apartment at the rate of $75 per year from October 1, 1966, until April 1, 1971, the end of the last quarter year, and for one shop from October 1, 1966, until April, 1, 1971, at the rate of $120 per year.

There shall likewise be a verdict entered for sewer rental for one shop at the rate of $120 per year from May 1, 1970, until April 1, 1971. In addition, a verdict shall be entered for penalties at the rate of one percent per month from October 1, 1966, until December 5, 1967, on all unpaid rentals and at the rate of five percent quarterly on the total unpaid sewer rentals from December 5, 1967 until the present time.

## ORDER

And now, June 4, 1971, it is hereby ordered, directed and decreed that the prothonotary shall enter a verdict in favor of plaintiff and against defendant in the sum of $1,027.97, representing sewer rents due and payable up to April 1, 1971, consistent with the foregoing opinion.