## Williamsport Municipal Water Authority
## v. Campana

*O. William Vanderlin,* for plaintiff.
*Ambrose R. Campana,* for defendant.

RAUP, *J.,* December 21, 1983—Before the court is plaintiff's motion for judgment on the pleadings. The action was instituted by the Williamsport Municipal Water Authority on July 1, 1981, with the filing of a municipal claim for unpaid water rental. On December 4, 1981, defendant filed an affidavit of defense. Plaintiff has filed an answer to that affidavit and the present motion for judgment on the pleadings.

The affidavit of defense asserts that defendant is the owner of a rental property located at 602 Pine Street, Williamsport, Lycoming County.

"Said property is a rental property consisting of one four room apartment, one efficiency apartment, and five light housekeeping rooms . . ."

A fair summary of defendant's affidavit of defense would be: The water billings by the Williamsport

Municipal Water Authority are based upon certain rules and regulations adopted by the Authority, copies which are attached to the affidavit of defense. Those rules and regulations create certain water user categories. Those categories are such that each apartment within an apartment building is treated as a separate billing unit. Permanent rooms in hotels and motels are included in the same category. Transient rooms in motels and hotels are placed in another category for billing purposes. Also, separately rented offices in office buildngs are treated in a distinct category. The defendant's apartment building is served by a single meter. If the entire apartment building were treated as a single residential unit, thê water bills for the quarters in question would have been $27.10 instead of $45. Defendant contends that the categorizations used by the Authority as applied to the defendant are violative of the State and Federal Constitutions because those classifications have no reasonable relationship to the object to be achieved, to-wit, obtaining a fair and uniform fee for water delivery.

The essential facts contained in the affidavit of defense are acknowledged.

The purpose of a motion for judgment on the pleadings is to permit an over-all examination of the pleadings in an action, to determine whether judgment should be entered on the pleadings prior to trial. The only matter before the Court for review is the bare pleadings themselves. Goodrich-Amram 2d §1034(a) :1

Initially, we must determine whether defendant's use of an affidavit of defense is the correct procedure to challenge the rating classifications of the plaintiff.

It appears that the most appropriate method for bringing an action of this type would be to bring suit

against the municipal authority pursuant to section 4(B) (h) of the Municipalities Authority Act of 1945, as amended, 53 P.S. §306B(h). This section states in part.

"Any person questioning the reasonableness or uniformity of any rate fixed by any authority or the adequacy, safety and reasonableness of the authority's services, including extensions thereof, may bring suit against the authority in the Court of Common Pleas of the County wherein the project is located, or if the project is located in more than one county, then in the Court of Common Pleas of the County wherein the principal office of the project is located. The Court of Common Pleas shall have exclusive jurisdiction to determine all such questions involving rates or services."

The same procedure used by the plaintiff in this case was also utilized by the appellee in Patton-Ferguson Joint Authority vs. Hawbaker, 14 Pa. Commw. 402, 322 A.2d 783 (1974). In determining that the rate structure proposed by the authority was reasonable, the court in Patton-Ferguson made no comment on the procedure followed in the lower courts, i.e., appellee's challenge to rate structure by use of affidavit of defense. In a concurring opinion, Judge Kramer noted that he believed that the court should not have passed upon the merits because the procedure adopted by the appellee to challenge the rates was improper. The proper procedure to follow, Judge Kramer noted, would be a suit brought under the provisions of §306 of the Municipal Authorities Act.

While we believe that the method advocated by Judge Kramer would be the more preferred way of challenging the rate structure of a municipal authority, we would note that the majority in the Patton-Ferguson case appeared to acquiesce in the proce-

dure used here, and therefore we will follow their precedent and do likewise.

Our scope of review in actions challenging rates or rate structures is limited to a determination of whether or not there has been a maifest or flagant abuse of discretion or an arbitrary establishment of the rate system. Turley v. North Huntingdon Township Municipal Authority, 5 Pa. Commw. 116,289 A.2d 509 (1972). "That the court might have a different opinion or judgment in regard to the action of the agency is not sufficient ground for interference; Judicial discretion may not be substituted for administrative discretion." Blumenschein v. Pittsburgh Housing Authority, 379 Pa. 566,576, 109 A.2d 331,335 (1954).

In an action challenging the rate structure established by a municipal authority, the burden is on the party challenging the rates to prove that the authority had abused its discretion by establishing a rate system which was either unreasonable or lacking in uniformity. Patton-Ferguson (supra); Veneer v. Cranberry Township Municipal Sewer and Water Authority, 5 Pa. Commw. 123, 289 A.2d 506 (1972). A review of the pleadings in this action compels us to reach the decision that the defendant has not met his burden.

Similarly to the appellee in the Patton-Ferguson case, the defendant, in his attack on the reasonableness of the rate in relation to the services rendered, emphasizes the amount of use of the service rather than its value. In response to that argument, the court in the Patton-Ferguson case looked to the nature of the service available rather than the amount of service used by that particular customer:

"Sewer rental charges, however, must have a reasonable relation to the value of the service rendered, either as actually consumed or as readily available

for use, and there is evidence here to show that the availability of service for apartments and single family dwellings, based on peak requirements, was substantially the same." Patton-Ferguson Joint Authority v. Hawbaker, 322 A.2d at 786.

The defendant makes no objection that the rates are excessive for the value of the services rendered to him or his property. Instead, defendant's primary argument is that there is a difference in billing procedures for apartments and motels and hotels, i.e., that apartments are billed on a per unit basis while motels and hotels are not. This classification of users into a class of hotel/motel property and a class of residential/apartment property was sustained in the Patton-Ferguson case. See also, Glen Riddle Park, Inc. v. Middletown Township, 11 Pa. Commw. 574,314 A.2d 525 (1974); Greenville Borough v. Gurerrini, 208 Pa. Super. 42,220 A.2d 366 (1966). A review of the pleadings, in light of the holdings of these above mentioned cases calls for a determination that the classification in the plaintiff Authority's rate structures are not manifestly flagrant abuses of discretion, nor arbitrary establishments of rate structures. In support of this conclusion, we would also note that defendant does not allege that the rates charged to members of his class, i.e., owners of apartment buildings, are not uniform. Rather, defendant alleges that they are all treated alike. With these factors present, our conclusion must be that the rate structure set by the authority is reasonable and not a flagrant abuse of discretion.

In accordance with the foregoing and based upon case law cited above, we would summarily deny the remaining constitutional arguments which defendant has set forth.

## ORDER

And now, December 21, 1983, based upon the foregoing Opinion, it is hereby ordered and directed that plaintiff's motion for judgment on the pleadings is granted.